# ORIGINAL



**Vassel: Paul-Anthony, Attorney in Fact**
**General Post 310774**
**Jamaica, New York 11432-9998**
**917-453-8645**

**district court of the united states**
**eastern new York district: administrative venue**

```
--------------------------------------------------------X     TRIAL BY JURY DEMAND
PAUL VASSEL                                         )
                    Plaintiff/Claimant/Libelant     )
                                                    )     Case No.: 19-cv-03241-KAM-RER
                                                    )
                                                    )
                                                    )     AMENDED
              -v-                                   )
                                                    )     VERIFIED COMPLAINT
PALISADES FUNDING CORP; MICHAEL JORDON;             )
VICTORIA VANDERGRIFT;                               )
QUEENS NATIONAL AUTO GROUP, CORP;                   )
OFFER BEN MOSHE; ASHLEE CHAVEZ;                     )
WILLFREDO TORO; CITY OF NEW YORK;                   )
JAMES PATRICK O'NEILL JR, D/B/A POLICE              )
COMMISSIONER OF NYC; NEW YORK CITY                  )
POLICE DEPARTMENT; CITY OF NEW YORK;                )
COUNTY OF QUEENS; 105 PRECINT;                      )
DEPUTY INSPECTOR NETEIS GILBERT;                    )
POLICE OFFICER GREGORY NUZZI;                       )
SERGEANT NATHANIEL; SERGEANT REIMBAVE;              )
SUCCESSORS/ASSIGNS; JOHN DOE 1 – 10;                )
POLICE DOES 1 – 10.                                 )

                    Defendant(s)/Libelee(s)
--------------------------------------------------------X
```

## NATURE OF ACTION

This action arise from Plaintiff/Claimant/Libelant's seeking One hundred Million U.S. Dollars

(US$100,000,000.00) for Uniform Commercial Code violations, violation of Constitution rights,

violation of Civilian rights to due process, unlawful seizure of property, abuse of power, Monell, Compensatory, and punitive damages. This includes fraudulently inducement into signing.

Plaintiff/Claimant/Libelant's seek all criminal charges totally expunged, all mug shots, finger print destroyed, all retina scan be destroyed, possession of all personal property seized along with 2018 Ford Transit T-350 Van with VIN #1FBVU4XM6JKA27871 that was seized on May 17, 2019.

Vassel, Paul-Anthony, Attorney-in-Fact, pursuant to the limitations imposed upon Plaintiff/Claimant/Libelant and this Tribunal by the Constitution of the State of New York and the Fourth, Fifth, Seventh and Fourteenth Amendments to the Constitution of the United States, (wherein after "Claimant"), hereby presented this Amended Verified Complaint asking for Judgment against all Respondents, and in support thereof, states as follows:

## **RESERVATION OF RIGHTS**

1. Claimant is not schooled at law, and reserved the right to amend this claim.

2. Claimant maintained, and have at all time retained constitutionally secured Right especially, but not limited to the rights to remain silent, the rights to a Trial by Jury and the rights to confront accuser, in all aspect of this instant matter; *Bradly v U.S. 397, U.S. 742 "Waiver of Constitutional Right must be only be done voluntarily, they must be knowing intelligent acts done with sufficient awareness of the relevant circumstances and consequences."*

3. Claimant reserved all Rights guaranteed by the Constitution of the united States specific to but not limited to the Bill of Rights Article I, IV, V, VI, VII and per New York State Republic Constitution Article 1; Johnson v Zerbst U.A. "If the Bill of Rights in not complied with, the court no longer has jurisdiction to proceed…"

## JURISDICTION

4. This Court has jurisdiction over this action under the provisions of 28 USC§§§§§§ 1331, 1333, 1341, 1343, 2461 and 2463, because it is filed to obtain compensatory and punitive damages for the deprivation under 18 U.S.C. §§241 and 242, color of state law, and pursuant to U.S.C. §§1983 and 1988, and the rights of citizens of the United States secured by the Fourth, Fifth, Seventh and Fourteen Amendments to the Constitution of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the events giving rise to Claimant's claims occurred in this judicial district.

6. This Court has supplemental jurisdiction over claims relating to violation of state law under the provisions of 28 U.S.C. §1367.

7. This court has Diversity Jurisdiction pursuant 28 U.S.C. §1332, diversity of citizenship and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizen of different states.

## PARTIES

8. Claimant, with domicile at 563 Meadows Lane, Social Circle, Georgia, 30025, phone number 917-453-8645 with an address General Post 310774, Jamaica, New York 11432

9. Defendant, PALISADES FUNDING CORP; a New Jersey Corporation, a collection company, with Last known address 150 River Road, Montville, New Jersey, 07045 Defendant, Michael Jordan an individual, c/o PALISADES FUNDING CORP, with last known address 150 River Road, Montville, New Jersey 07045.

10. Defendant, Victoria Vandergrift an individual, c/o PALISADES FUNDING CORP, with last known address 150 River Road, Montville, New Jersey 07045.

11. Defendant, Ashlee Chavez an individual, a collection agent, c/o PALISADES FUNDING CORP, with last known address 150 River Road, Montville, New Jersey 07045.

12. Defendant, Wilfredo Toro, an individual, dba CHIEF INVESTIGATOR FOR THE NEW YORK NEW JERSEY AUTO ENFORCEMENT RECOVERY SERVICE, employee of PALISADES FUNDING CORP, with last known address 150 River Road, Montville, New Jersey 07045

13. Defendant, QUEENS NATIONAL AUTO GROUP, CORP, a New York Corporation, with last known address 72-12 Queens Blvd, Woodside, New York 11377

14. Defendant, Offer Ben Moshe, an individual, c/o QUEENS NATIONAL AUTO GROUP, CORP, with last known address 72-12 Queens Blvd, Woodside, New York 11377.

15. James Patrick O'Neill Jr; was and remains the duly appointed, POLICE COMMISSIONER OF New York City, with his principal place of business being 1 Police Plaza, New York, NY 10001. Defendant James Patrick O'Neill, Jr, is made a defendant in this action in his personal/individual capacity.

16. Neteis Gilbert, was and remains the duly appointed COMMANDING OFFICER/ INSPECTOR of the NEW YORK CITY POLICE DEPARTMENT 105 PRECINT, with her principal place of business being 92-08 222nd 222 Street, Jamaica, NY 11428. Defendant Neteis Gilbert is made a defendant in this action in her personal/individual capacity.

17. Defendant SERGEANT NATHANIEL is an employee of the 105 PRECINCT, made a defendant in this action in his personal/individual capacity, with last known address 92-08 222 Street, Jamaica, NY 11428

18. Defendant POLICE GREGORY NUZZ is an employee of the 105 PRECINCT is made a defendant in this action in his personal/individual capacity, with last known address 92-08 222 Street, Jamaica, NY 11428

19. Defendant SERGEANT REIMBAVE is an employee of the 105 PRECINCT is made a defendant in this action in his personal/individual capacity, with last known address 92-08 222 Street, Jamaica, NY 11428

20. Upon information and belief, Respondents John Doe 1 – 10 were employed by Defendant PALISADE FUNDING CORP.

21. Upon information and belief Respondents Police Doe 1 – 10 are employed by Defendant NEW YORK POLICE DEPARTMENT 105 PRECINCT

## **FACTS**

22. On Friday May 17, 2019, at approximately 3:36pm, Claimant Paul Vassel was parked in front of 104-11 Francis Lewis Boulevard, County of Queens, State of New York.

23. At approximately 4:00pm, Claimant entered his motor carriage, that is, 2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871 heading to the Post Office. On entering his motor-carriage John Doe 1, the tow truck driver, came and opened my door and use his entire body to prevent my door from closing.  In the process a motor-carriage past by and hit my door since it was opened in the roadway. Claimant asked Doe 1 who he was, because Claimant thought this was a carjacking. He replied that he was the repo-man. Claimant asked him to present some form of Identification, but Doe 1 refused.

24. Defendant John Doe 1 still blocking my door made a call on his cell phone. Then a man John Doe 2 later identified as William Toro, from the Police Accusatory Instrument, came and told

Claimant that he had order from PALISADE FUNDING CORP to repossess the 2018 FORD TRANSIT T-350 VAN.

25. Claimant informed William Toro that it is mistake and that all proper payments were tendered. Claimant told William Toro and John Doe1 that he did not CONSENT to any repossession. William Toro further asked Claimant for identification, Claimant asked William Toro to show him his identification and delegation of authority, but William Toro refused and William Toro and Doe 1 proceeding to pull Claimant out of the 2018 FORD TRANSIT T-350. Claimant started screaming and someone came with a camera and started videotaping.

26. Claimant kept repeating that it is a mistake and DO NOT CONSENT to any repossession William Toro went away and left John Doe 1 still holding and blocking the door of Claimant's moto-carriage with his body.

27. Pursuant to Uniform Commercial Code §9-503, William Toro and John Doe 1 are not legally allowed to repossess the 2018 FORD TRANSIT T-350 VAN from Claimant since the fact established that Claimant clearly DO NOT CONSENT to the repossession and this is a result in the breach of the peace. Claimant kept asking John Doe 1, for the court order or the warrant along with the 4th Amendment affidavit pursuant to Article 1 section 12 of New York Constitution and all he does is to try and intimidate Claimant and kept holding on to the door.

28. Upon information and belief when William Toro left John Doe 1 holding Claimant's door he went and call 911. Approximately five (5) to ten (10) minutes after he left and went behind the 2018 FORD TRANSIT T-350 VAN. Police from the 105 PRECINCT ("PCT") with sirens and light flashing stopped in-front of the Tow Truck that was parked in front of Claimant's 2018 FORD TRANSIT T-350 VAN and Sergeant Nathaniel without investigation

of a crime along Gregory Nuzzi exited their Patrol Car and came over to the van ordering Claimant to exit the 2018 FORD TRANSIT T-350 VAN.

29. Claimant repeatedly told Sergeant Nathaniel that this is a mistake and that William Toro who refused to identify himself at the time has not shown Claimant any identification or valid proof of claim or a court order or signed warrant of seizure with 4th amendment affidavit.

30. Defendant Sergeant Nathaniel then proceed to order Claimant to come out of the 2018 FORD TRANSIT T-350 VAN and stated that it will be repossessed.  Claimant stated again to Sergeant Nathaniel that he DO NOT CONSENT to the repossession neither has he seen any Identification from the parties making the claim or any proof of claim. Defendant Sergeant Nathaniel went and have a long conversation with Wilfred Toro, after his conversation with William Toro, returned and started ordering Claimant to exit Claimant's 2018 FORD TRANSITT-350 VAN. However, despite Claimant adamantly stating that this is a mistake and William Toro and John Doe 1 were not entitled to repossess the 2018 FORD TRANSIT T-350 VAN because all the proper payments have been tendered, Defendant Sergeant Nathaniel insisted for Claimant to exit the 2018 FORD TRANSIT T-350 VAN.  Claimant insist that he has not seen any proof of claim and DO NOT CONSENT to the repossession. Defendant Sergeant Nathaniel started raising his voice in a very intimidating tone by ordering Claimant to exit my 2018 FORD TRANSIT T-350 VAN. Upon Claimant exiting the Van Sergeant Nathaniel stated that Claimant was under arrest for OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE, Claimant was then pushed aginst the van, ruffed up, handcuffed Defendant Police Officer Gregory Nuzzi, without reading him is Maranda rights and has not shown any arrest warrant, probable cause or any other infraction, but placed handcuff on Claimant's hands and pulled it very tight.

Even though Claimant complaint of the handcuff being too tight and cutting into Claimant skin, Police Gregory Nuzzi stated he does not care. Then Defendant Police Gregory Nuzzi searched Claimant pockets even though; Claimant insisted, that he DO NOT CONSENT to searches and that this is a civil private matter and not a Police/Government matter.

31. Defendant Police Gregory Nuzzi continued to search Claimant pockets despite Claimant's numerous objections and seized his house keys along with the keys for the 2018 FORD TRANSIT T-350 VAN, his wallet and One hundred and Seventeen Dollars ($117.00) in cash.

32. Defendant Police Gregory Nuzzi then placed Claimant into the back of the patrol car. Police Gregory Nuzzi then went over to the 2018 FORD TRANSIT T-350 VAN where Sergeant Nathaniel, other police along with William Toro and John Doe 1, the tow truck driver, were standing.

33. Claimant was in the back of the patrol car handcuffed with his hands behind his back for approximately 10 – 15 minutes, then he saw John Doe 1, the tow truck driver, started putting the 2018 FORD TRANSIT T-350 VAN onto the unmarked, No business/company name, New Jersey License Plate tow truck.

34. Defendant Sergeant Nathaniel Arrested Claimant for Obstructing Government Administration in the Second Degree even though this was a private repossession and not a state matter. There were no criminal investigation just a private dispute between the repo-man and Claimant. Claimant was kidnapped, held captive and placed in restraint of his liberty causing psychological and emotional trauma as well as economic loss.

35. Respondents Sergeant Nathaniel and Police Gregory Nuzzi discriminated against Claimant decedent based upon his race, religion, denied his right to due process of law, violation of the

civilian rights protected by the constitution, acting under color of law against Claimants

decedent. Miranda v. Arizona, 384 U.S. 436, 447-8 (1966) [illegal police procedures];

*Pointer v. Texas, 380 U.S. 400, 404 (1965) [citing Davis v. Alaska, 415 U.S. 308, 316*

*(1974)]* [right to confront accusers/witnesses]. VIOLATION OF TITLE 42 U.S.C. § 1982 –

PROPERTY RIGHTS OF CITIZENS under 42 U.S.C. §1983 for violations of his

constitutional rights under the Fourth and Fourteenth Amendments to the United States

Constitution while acting under color of law.

36. Respondents Sergeant Nathaniel and Police Gregory Nuzzi as Peace Officers on their arrival

should have stand on the side and make sure that there was no breach of peace.

37. The Act of Respondents Sergeant Nathaniel and Police Gregory Nuzzi was beyond the scope

of duty, unlawful detention, authorized act of access, unauthorized entry of property with

probable cause and without consent. Determination is arbitrary and abuse of discretions,

*(Wilton v. Seven Falls Co., 515 US 277 (1995) and General Electric Co. v Joiner, 552 US*

*136 (1997).*

38. Respondents Sergeant Nathaniel and Police Gregory Nuzzi violated Claimant's real property,

intellectual and otherwise, along with all religious and sacred items without probable cause

or legal warrant without due process of law. Violating Claimant rights protected by the

Fourth Amendment of the United States Constitution and Article 1 Section 12 of New York

states Constitution against illegal searches and seizure, Fourteen Amendment rights to due

process of law, and violation of right to due process. Violation under color of law 18 U.S.C.

§241 and 18 U.S.C §242. Violation of rights pursuant 42 U.S.C. §§ 1983, 1985.

39. Respondents Sergeant Nathaniel and Police Gregory Nuzzi aid and abet Wilfredo Toro and

John Doe 1 by taking the key for my 2018 FORD TRANSIT T-350 VAN off the bunch of

keys that they took from Claimant's pocket and gave it to the John Doe 1, the tow truck

driver, aiding him in the completion of the repossession and theft of property, that is, my

2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871.

40. Respondents Wilfredo Toro and John Doe 1, tow truck driver, are employees of PALISADE

FUNDING CORP, did not have a signed court order that would permit the repossession of

Claimant's 2018 FORD TRANSIT T-350 VAN thus proceeded without sanction of any

judicial process with the aid of NEW YORK CITY POLICE DEPARTMENT.

41. Respondent Wilfredo Toro in addition seized all Claimant's personal property that where

inside the 2018 FORD TRANSIT T-350, these property included Religious items such as,

Shofar, Bible, Prayer Shawl and other religious items, portable power supply and other

personal items. It is over five (5) Months now and Wilfred Toro, has not returned these items

to Claimant. This caused Claimant not to be able to perform his religious duties, mental

strain, duress, hardship, and irreparable injury.

42. Respondent Wilfredo Toro, to the time of filing this Amended Verify Complaint has refused

to tell Claimant where the personal properties are and told Claimant when he found them he

has to charge Claimant a fee to retrieve them. That is piracy, extortion and a scheme without

delegation of Authority or Proof of Claim.

43. Respondent Wilfredo Toro and John Doe 1 came from New Jersey, to New York to seize

Claimant's real property, intellectual and otherwise. Wilfredo Toro acted without Jurisdiction

or Delegation of Authority and should be sanction by this honorable court.

44. Respondents Sergeant Nathaniel and Police Gregory Nuzzi came to the patrol car where

Claimant was, handcuffed behind his back piercing his flesh, when Claimant asked

repeatedly for them to release the handcuff they just laugh and keep saying to Claimant stating that Claimant should pay his bill and then transported Claimant to the 105 PCT.

45. Claimant is informed and study that these action were not proper Policing and policy since on May 30, 2019, according to the News Carlos Rodriguez, a tow truck repo-man was arrested by Police from the 120 PRECINCT for Auto Theft, Possessing stolen property, Fraudulent documentation, and his tow truck was seized and booted by the police. The reason for his arrest was that he was trying to repossess a fellow Police Car who had three (3) missed payments.

46. Claimant on entering the 105 PCT, with his hands handcuffed behind him was brought to the desk where Sergeant Reimbave was standing. Claimant by information and belief that Sergeant Reimbave was in the capacity of Desk Sergeant for that shift.

47. Defendant Sergeant Reimbave in laughter and was verbally abusive and threatened stating oh! this is the man who did not want to come out of the 2018 FORD TRANSIT T-350 VAN and he was just getting ready to come over to the scene and spray pepper into Claimant's eyes.

48. Defendant Sergeant Reimbave after allowing Police Gregory Nuzzi to go through Claimant wallet without his consent, knowingly realized that Claimant is a Chaplin, he started laughing again and stated that Claimant should pay his bill, saying CHAPLIN as if he has no regard for a man of God and Slander Claimant good name. In *Davis v. Boeheim*, 110 A.D.3d 1431 (N.Y. 2014), which is a New York state court case, the court held that in determining whether a defamation claim is sufficient, a court must look at whether the "contested statements are reasonably susceptible of a defamatory connotation."

49. Claimant asked for the Community service Bishop, but Sergeant Reimbave refused.

50. Defendant Gregory Nuzzi placed Claimant into a cell in the 105 Precinct and closed the door. While Claimant was imprisoned, he asked numerous times to make a phone call, but he was denied. He repeatedly make the request for the phone call, but his request was ignored. In the state of Nevada (171.153 of the Nevada Revised Statutes),

> *Any person arrested has the right to make a reasonable number of completed telephone calls from the police station or other place at which the person is booked immediately after the person is booked and, except where physically impossible, no later than 3 hours after the arrest.*

51. Claimant informed Gregory Nuzzi and another Police Doe 1 that it the Shabbat and they are taking him away from Shabbat service. They also showed no regard for his religious observances, with cause, emotional trauma and further injury to Claimant.

52. Claimant was held in the 105 Precinct for over five (5) hours, then at approximately 10pm Sergeant Reimbave, Sergeant Nathaniel, Police Gregory Nuzzi, and Police Doe 1, grabbed Claimant out of the cell and held him down without his consent to take fingerprints and mug shot, Claimant told them that they are violating his Fifth Amendment rights, since they told him they need it to run background check on him for any outstanding charges or warrants.

53. The Fourth Amendment does not bar the fingerprinting of a properly seized person. "Fingerprinting involves none of the probing into an individual's private life and thoughts that marks an interrogation or search." See Davis v. Mississippi, 394 U.S. 721, 727 (1969). So long as the initial seizure of the person is reasonable, as in a lawful arrest, subsequent fingerprinting is permissible. It is also possible that the requirements of the Fourth Amendment could be met through "narrowly circumscribed procedures for obtaining, during the course of a criminal investigation, the fingerprints of individuals for whom there is no probable cause for arrest." See Davis v. Mississippi, supra, at 728; see also Hayes v. Florida, 470 U.S. 811 (1985).

54. Where there was no probable cause to arrest petitioner, not consented to the journey to the police station, and no prior judicial authorization for detaining him, the investigative detention at the station for fingerprinting purposes violated petitioner's rights under the Fourth Amendment, as made applicable to the States by the Fourteenth; hence the fingerprints taken were the inadmissible fruits of an illegal detention. Davis v. Mississippi, 394 U.S. 721. When the police, without probable cause or a warrant, forcibly remove a person from his home and transport him to the station, where he is detained. Being detained to prevent a breach of the peace, or held in a protest kettle, DOES NOT by itself give the police powers to take your fingerprints OR your name and address

55. Respondents Reimbave, Sergeant Nathaniel, Police Gregory Nuzzi and Police Doe 1, continue to laugh and this refuse Claimant his phone call or give Claimant any food for the hours they held him in the 105 Precinct. They were verbally abusive. This caused mental strain, duress, emotional injury, and irreparable injury to Claimant.

56. Respondents Reimbrave, stated that he was going to teach Claimant a lesson, so he held Claimant in the Cell without transporting him to central booking until the court was getting ready to close. As a result Claimant was held overnight at Central Booking depriving Claimant of Shabbat service, without food and proper place to sleep that result deprivation of sleep, mental fatigue and the cold cause Claimant to have severe headaches, Claimant has not had headaches in years.

57. Claimant was held for over seventeen (17) hours for a charge of Obstructing Governmental Administration in the Second Degree. On May 18, 2019 the charge was Adjournment in contemplation of dismissal (ACD), with a dismissal and seal on November 17, 1019.

Claimant was released without any money for bus or car fare, this caused addition stress, injury and irreparable harm since Police Gregory Nuzzi took all of Claimant's money.

58. Defendant PALISADE FUNDING CORP has not made any effort to resolve the matter and to the date of filing this Amended Verified Complaint PALISADE FUNDING CORP has not returned the 2018 FORD TRANSIT T-350 VAN or give Claimant a Refund, this cause mental strain, duress, hardship, and irreparable injury.

59. Defendant PALISADE FUNDING CORP has caused additional injury to Claimant by Reporting to the Three (3) Credit Bureaus derogatory credit information that had hurt Claimant FICO score drastically, and tarnish his credit rating. This report was done two month after knowing that the information furnish was incorrect.

60. Defendant PALISADES FUNDING CORP has violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692.

61. Defendant PALISADES FUNDING CORP has proceeded with an illegal repossession, knowing to the fact that Claimant has exercised his rights of Rescission of Loan Credit Transaction pursuant to the Truth in Lending Act, 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 [Regulation Z] served upon PALISADES FUNDING CORP by Registered Mail Number RE034285046US on February 15, 2019. **See ANNEX 1:** NOTICE AND DEMAND FOR TITLE AND NOTICE OF RECISSION OF LOAN CREDIT TRANSACTION. The right ot rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a) unequivocal terms – a bor-rower "shall have the right to rescind by notifying the creditor… of his intention to do so" (emphasis added) – leave no doubt that re-cission is effected when the borrower notifies the creditor of his in-tention  to rescind.  Further Supreme Court Justice Scalia deliver this opinion of the Court in

JENINOSKI ET UX v. COUNTRYWIDE HOME LOAND, INC., ET AL., of the right to rescind.

62. Defendant PALISADES FUNDING CORP has proceeded with an illegal repossession, knowing to the fact that PALISADES FUNDING CORP has defaulted by not proving PROOF OF CLAIM and agreed that ALL controversy regarding PAUL VASSEL and PALISADES FUNDING CORP was peacefully resolved. And further agreed that the contract between PAUL VASSEL and PALISADES FUNDING CORP is void ab-initio by Registered Mail Number RE034285117US, Certified Mail #70190700000028183389 and Certified Mail# 70190700000028183396.

See **ANNEX 2:** NOTICE OF FAULT OPPORTUNITY TO CURE & TERMINATION AND NOTICE OF DEFAULT, NOTICE OF REFUSAL, CEASE AND DESIST

63. Defendants Offer Ben Moshe and QUEENS NATIONAL AUTO GROUP, CORP has never informed Claimant of his rights rights of Rescission of Loan Credit Transaction pursuant to the Truth in Lending Act, 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 [Regulation Z]. Claimant served upon QUEENS NATIONAL AUTO GROUP, CORP by Registered Mail Number RE034285050US on February 15, 2019. **See ANNEX 1:** NOTICE AND DEMAND FOR TITLE AND NOTICE OF RECISSION OF LOAN CREDIT TRANSACTION see Supreme Court Justice Scalia deliver this opinion of the Court in JENINOSKI ET UX v. COUNTRYWIDE HOME LOAND, INC., ET AL., of the right to rescind.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS SERGEANT NATHANIEL AND POLICE GREGORY NUZZI

Violation of Constitutional Rights Under Color of State Law
-False Arrest-

64. Claimant incorporates by reference and realleges each and every allegation state in paragraphs 1 through 63.

65. The Fourth Amendment of the United States Constitution protects citizens from unreasonable seizures by local governments, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization. The Fourth Amendment also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

66. The actions of Respondents Sergeant Nathaniel and Police Gregory Nuzzi, detailed above, violated the Claimant's rights under the United States Constitution. It was not objectively reasonable for Sergeant Nathaniel and Police Gregory Nuzzi to arrest Claimant for any reason on May 17, 2019. The Claimant did not commit the offense of Obstruction of Governmental Administration that would warrant the Claimant's arrest.

67. The criminal charges brought against the Claimant was ACD until November 17, 2019.

68. Respondents Sergeant Nathaniel's and Police Gregory Nuzzi's action were motivated by bad faith and malice.

69. Respondents Sergeant Nathaniel's and Police Gregory Nuzzi's action were undertaken under color of law, and thus violated 18 U.S.C. §241 and 18 U.S.C §242.

70. Respondents Sergeant Nathaniel's and Police Gregory Nuzzi's action were undertaken under color of state law, and thus violated 42 U.S.C. § 1983.

71. As a direct and proximate result of the unconstitutional acts described above, Claimant has been irreparably injured.

## AS AND FOR A SECOND CAUSE OF ACTION BY CLAIMANT PAUL VASSEL AGAINST RESPONDENTS SERGEANT NATHNANIEL AND POLICE GREGORY NUZZI

### Violation of Constitutional Rights Under Color of State Law
### -Malicious Prosecution-

72. Claimant incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 71.

73. The Fourth Amendment of the United States Constitution protects citizens from overzealous and malicious prosecution by government officials without probable cause.

74. A criminal proceeding was commenced against Claimant, without probable cause, relative to Obstruction Governmental Administration in the second Degree charge stemming from the events of May 17, 2019.

75. The criminal charges resulted in the Claimant loss of liberty for over twenty (20) hours, as he was held at the 105 Precinct for several hours spitefully so that he would spend overnight in Lock up and also incurred substantial defense costs as a result of his prosecution.

76. The charge of Obstruction Governmental Administration in the Second Degree was ACD on May 18, 2019 at the Criminal Court of the City of New York Part APAR, County of Queens.

77. This conduct on the part of Respondents Sergeant Nathaniel and Police Gregory Nuzzi represent a violation of 18 U.S.C.§ 241 and 18 U.S.C. § 242, given that his actions were undertake under color of law.

78. This conduct on the part of Respondents Sergeant Nathaniel and Police Gregory Nuzzi represent a violation of 42 U.S.C § 1983, given that his actions were undertake under color of State law.

79. As a direct and proximate result of the unconstitutional acts described above, Claimant has been irreparably injured.

### AS AND FOR A THIRD CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS SERGEANT NATHANIEL AND POLICE GREGORY NUZZI

Violation of Constitutional Rights Under Color of State Law
-Excessive Use of Force-

80. Claimant incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 79.

81. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials. Specifically, the Fourth Amendment precludes police officers from utilizing unreasonable force against citizens to affect their detention.

82. Defendant Sergeant Nathaniel and Police Gregory Nuzzi use of force against Claimant was far in excess of the amount of force that would be considered objectively reasonable, especially considering that Respondents Sergeant Nathaniel and Police Nuzzi were not fulfilling any duty in his official capacity.

83. Respondents Sergeant Nathaniel and Police Nuzzi conduct represent a violation of Claimant's rights under the Fourth Amendment to the United States Constitution.

84. This conduct on the part of Respondents Sergeant Nathaniel and Police Nuzzi also represent a violation of 18 U.S.C. §§ 241, 242 given that their actions were undertaken under color of law.

85. This conduct on the part of Respondents Sergeant Nathaniel and Police Nuzzi also represent a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

86. Respondents Sergeant Nathaniel's and Police Nuzzi's action were motivated by bad faith and malice.

87. As a direct and proximate result of the unconstitutional acts described above, Claimant has been irreparably injured.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST RESPONDENTS SERGEANT NATHANIEL, POLICE GREGORY NUZZI, VICTORIA VAN DERGRIFT, ASHLEE CHAVEZ, PALISADES FUNDING CORP, WILFREDO TORO, JOHN DOE 1, THE TOW TRUCK DRIVER

Violation of Constitutional Rights under Color of State Law
-- Seizure of Property in Violation of Due Process of Law--

88. Claimant incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 87.

89. The Fourteenth Amendment of the United States Constitution safeguards a citizen's right not to be deprived of property by a government official in the absence of due process of law. The Due Process clause further requires that a citizen be provided with notice and a hearing before a government official can assist a secured creditor in the repossession of a debtor's property. At no time PALISADES FUNDING CORP sent notices to Claimant of its intention of repossession.

90. Respondents Victoria Van Dergrift, Ashlee Chavez, PALISADES FUNDING CORP willing and knowing intended to violate Claimant's civilian right due process. They gives false or inaccurate information or fails to provide information which they are required to disclose under the provisions of this subchapter or any regulation issued thereunder, 15 U.S.C §1611.

91. The actions of Respondents Sergeant Nathaniel and Police Nuzzi, Victoria Van Dergrift, Ashlee Chavez, PALISADES FUNDING CORP, Wilfredo Toro and John Doe 1, the tow truck driver, violated the Claimant's rights under the Due Process Clause. Specifically, these

Respondents, acting in concert, affected the repossession of private property in the absence of appropriate judicial process. This repossession was affected with the direct involvement of police officers, who forcibly removed the Claimant from his property and arrested him to facilitate the illegal repossession of his 2018 FORD TRANSIT T-350 VAN.

92. Respondents Victoria Van Dergrift, Ashlee Chavez, PALISADES FUNDING CORP, Wilfredo Toro, John Doe 1, the tow truck driver, are also directly responsible for this constitutional violation because they acted together with Respondents Sergeant Nathaniel and Police Nuzzi, and/or received significant aid from them, to affect an illegal repossession of Claimant's 2018 FORD TRANSIT T-350 VAN.

93. This conduct on the part of the above-named Respondents also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

94. The Respondents' actions were motivated by bad faith and malice.

95. The Respondents action make them liable pursuant 15 U.S.C. § 1640

96. As a direct and proximate result of the unconstitutional acts described above, Claimant has been irreparably injured.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST RESPONDENTS JAMES PATRICK O'NEILL, JR, POLICE COMMISSIONER OF NYC, NEW YORK POLICE DEPARTMENT 105 PRECINCT, COMMANDER/INSPECTOR NETEIS GILBERT AND THE COUNTY OF QUEENS

Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights, Failure to Implement Municipal Polices to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees under Color of State Law

97. Claimant incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 96.

98. Upon information and belief, Respondents James Patrick O'Neill, Jr and Netelis Gilbert were directly responsible for supervising Defendants Sergeant Nathaniel and Police Gregory Nuzzi.

99. Upon information and belief, Respondents James Patrick O'Neill, Jr and Netelis Gilbert have failed to supervise and/or discipline Police under their supervision for previous misconduct that resulted in the repeated violation of the civil rights of arrestees of the New York City Police Department.

100.    Additionally, Respondents James Patrick O'Neill, Jr and Netelis Gilbert have failed to institute an appropriate training regimen on a variety of subjects including search and seizure, repossession and probable cause for arrest and prosecution. Respondents James Patrick O'Neill, Jr and Netelis Gilbert have also failed to implement appropriate written policies regarding the role their subordinate Police could play in disputes over private property and repossession.

101.    In the alternative, and upon information and belief, Respondents James Patrick O'Neill, Jr and Netelis Gilbert have instituted policies addressing the topics listed above, but then have through gross negligence and carelessness demonstrated deliberate indifference to detainees arrested by the New York City Police Department by failing or intentionally refusing to enforce them.

102.    Respondents James Patrick O'Neill, Jr and Netelis Gilbert have also demonstrated deliberate indifference to the needs of detainees arrested by the New York City Police Department by failing to adequately hire, screen, train and supervise New York City Police.

103.   The policies, procedures, customs and practices of the above-named Respondents

violated the Constitutional rights of the Claimant under the Fourth, Fifth, Sixth, Seventh and

Fourteen Amendment, of the United States Constitution.

104. As a direct and proximate result of the unlawful acts described above, Claimant has been

irreparably injured. **See ANNEX 3**: NOTICE OF CLAIM

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST RESPONDENTS JAMES PATRICK O'NEILL, JR, POLICE COMMISSIONER OF NYC, NEW YORK POLICE DEPARTMENT 105 PRECINCT, COMMANDER/INSPECTOR NETEIS GILBERT AND THE COUNTY OF QUEENS

-Monell Claim-

105.   Claimant incorporates by reference and realleges each and every allegation stated in

paragraphs 1 through 104.

106.   Upon information and belief, Respondents James Patrick O'Neill, Jr, NYC Police

Department 105 Precinct, and Netelis Gilbert were directly responsible for supervising

Defendants Sergeant Nathaniel and Police Gregory Nuzzi.

107.   The acts compained of were carried out by the aforementioned Respondents, in their

capacity as police and officials pursuant to customs, policies, usages, practices, procedures

and rules of the New York Police Department and County of Queens, all under the

supervision of the ranking officers James Patrick O'Neill, Jr and Netelis Gilbert of the New

York Police Department.

108.   The aforementioned customs, practice procedures and rules of the New York Police

Department and New York City include, but are not limited to: 1) arresting persons known to

be innocent in order to meet "productivity goals"; 2) falsely swearing out criminal

complaints and/or lying and committing perjury during sworn testimony to protect other

Police and meet productivity goals; 3) failing to supervise, train, instruct and discipline

police thereby encouraging their misconduct and exhibiting deliberate indifference towards

the constitutional rights of persons/civilian within their jurisdiction; 4) discouraging police

from reporting the corrupt or unlawful acts of other police; 5) retaliating against police who

report police misconduct; and 6) failing to intervene to prevent the above-mentioned

practices when they reasonably could have been prevented with proper supervision.

109.    In light of the extensive pattern of well-settled, pervasive customs and policies causing

constitutional violations, documented in part infra, the need for more effective supervision

and other remedial measures was patently obvious, but the City and NYPD made no

meaningful attempt to prevent future constitutional violations.

### AS AND FOR A SEVENTH CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS VICTORIA VADERGRIFT, MICHAEL JORDON, ASHLEE CHAVES, PALISADES FUNDING CORP, WILFREDO TORO, JOHN DOE 1, THE TOW TRUCK DRIVER

Violation of State Law
-Unlawful Conversion/Violation of the Uniform Commercial Code-

110. Claimant incorporates by reference and realleges each and every allegation stated in

paragraphs 1 through 109.

111. Under the State of New York's Uniform Commercial Code, a person is protected from the

repossession of property without judicial process where the party attempts to proceed in a

manner that breaches the peace.

112. As stated above, despite the Claimant's affirmative actions and statements that they were

not to repossess his vehicle, and that there is a mistake. Respondents Wilfredo Toro and

John Doe 1, the tow truck driver after receiving the key for the van from the Police

proceeded to attach Claimant's 2018 FORD TRANSIT T-350 VAN to Defendant

PALISADES FUNDING CORP's tow truck.

113. Moreover, Respondents Sergeant Nathaniel and Police Gregory Nuzzi aided and abet the unlawful repossession by arresting Claimant, and prohibiting him from preventing the unlawful repossession of his 2018 FORD TRANSIT T-350 VAN.

114. Without judicial process, the actions of Respondents Wilfredo Toro and John Doe 1, tow truck driver, Sergeant Nathaniel and Police Gregory Nuzzi produced violence, and disturbed the peace and quiet of the Queens Village community on the evening of May 17, 2019.

115. This conduct on the part of all Respondents represents a violation of statutory and case authority of the State of New York.

116. In addition Respondents Wilfredo Toro and John Doe 1, the tow truck driver, both cross state line with authority and perform an illegal repossession.

117. Respondents Wilfredo Toro and John Doe 1, the tow truck driver, both were acting within the scope of their duties as employees of PALISADES FUNDING CORP, rendering the PALISADES FUNDING CORP directly responsible for the actions of their employees.

118. As a direct and proximate result of the unlawful acts described above, Claimant has been irreparably injured.

### AS AND FOR A EIGHTH CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS VICTORIA VADERGRIFT, MICHAEL JORDON, ASHLEE CHAVES, PALISADES FUNDING CORP

#### Violation of Civil Rights
- Violation of the Uniform Commercial Code-

119. Claimant incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 118.

120. Under the Uniform Commercial Code, a person is protected from the uniform use of Credit, 15 U.S.C. §1601 to avoid unfair bill practice.

121. Under the Uniform Commercial Code, a person is protected from the mode of recovery or enforcement thereof. From the in stated above, Respondents violated 28 U.S.C. §2461.

122. As stated above, despite the Claimant's affirmative actions and statements that there is a mistake. Respondents Wilfredo Toro and John Doe 1, the tow truck driver on the misinformation and instruction received from their employer PALISADE FUNDING CORP, rendering the PALISADES FUNDING CORP directly responsible for the actions of their employees.

123. As a direct and proximate result of the unlawful acts described above, Claimant has been irreparably injured.

### AS AND FOR A NINETH CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS VICTORIA VADERGRIFT, MICHAEL JORDON, ASHLEE CHAVES, PALISADES FUNDING CORP

T.I.L.A. Regulation Z
Violation of Fair Debt Collection Act and Violation of Fair Credit Reporting Act
- Violation of the Uniform Commercial Code-

124. Claimant incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 123.

125. Respondents Michael Jordon, Victoria Van Dergrift, Ashlee Chavez and PALISADE FUNDING CORP have violated Truth In Lending Act (T.I.L.A.) Regulation Z.

126. Under the Uniform Commercial Code, a person is protected by the Fair Debt Collection Act and Fair Credit Reporting Act, 15 U.S.C. §§1611 and 1692. The actions of Respondents Michael Jordon, Victoria Van Dergrift, Ashlee Chavez and PALISADE FUNDING CORP have violated Claimant rights protected by the Fair Debt Collection Act and Fair Credit Report Act when they order the repossession of the van and Reported to the Three (3) Credit Bureau about late payment and repossession.

127. As a direct and proximate result of the unlawful acts described above, Claimant has been irreparably injured.

### AS AND FOR A TENTH CAUSE OF ACTION BY PAUL VASSEL AGAINST RESPONDENTS OFFER BEN MOSHE AND QUEENS AUTO GROUP, CORP

T.I.L.A. Regulation Z
Violation of Fair Debt Collection Act and Violation of Fair Credit Reporting Act
- Violation of the Uniform Commercial Code-

128. Claimant incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 127.

129. The actions of Respondents Offer Ben Moshe and Queens National Auto Group, Corp have violated Truth In Lending Act (T.I.L.A.) Regulation Z. for not informating Claimant of his right protected by T.I.L.A.

130. Respondents Offer Ben Moshe and Queens National Auto Group, Corp have not delivered the Automobile Title for 2018 FORD TRANSIT T-350 VAN pursuant to 31 C.F.R.B Chapter1, Part 103.11 (u)(iii) & U.C.C. 3-108, Article 3 of New York UCC.

131. Under the Uniform Commercial Code, a person is protected by the Fair Debt Collection Act, 15 U.S.C. §1692. The actions of Respondents Offer Ben Moshe and Queens National Auto Group, Corp have violated Claimant rights protected by the Fair Debt Collection Act and Right of Recession to avoid the uninformed use of credit and to protect Claimant against inaccurate and unfair credit billing.

132. As a direct and proximate result of the unlawful acts described above, Claimant has been irreparably injured.

### DEMAND FOR PUNITIVE DAMAGES

133. The actions of the individual Respondents described herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive

damages is appropriate to punish the Individual Respondents for their cruel and un-civilized conduct. The Claimant does not seek punitive damages against the County of .Queens

## DEMAND FOR TRIAL BY JURY

134. The Claimant hereby demands a trial by jury.

135. Claimant is advised and believes that a party is entitled to a trial by jury, if duly demanded, in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury, in any proceeding. To get a jury trial in a civil case, you must demand it at the time you file your Note of Issue, which places the matter on the trial calendar or it will be deemed waived. A party may not withdraw a demand for trial by jury without the consent of the other parties, regardless of whether another party previously filed a note of issue without a demand for trial by jury.

136. Claimant advised and believes that "Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand, may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties.

137. Claimant demands a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law, and Claimant demands an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.

138. Claimant is advised and believes that a demand for trial by jury may not be withdrawn

without the consent of the parties.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Claimant requests that this Honorable Court grant him the following relief:

- A judgment against all Respondents for compensatory damages in the amount of One

  Hundred Million Dollars (U.S.$100,000,000.00) to be determined by a properly charged jury;

- A judgment against Respondents Michael Jordon, Victoria Van Dergrift, Ashlee Chavez,

  Wilfredo Toro, John Doe 1, the tow truck driver, and PALISADES FUNDING CORP, for

  punitive damages in the amount of Ten Million Dollars (U.S.$10,000,000) to be determined

  by a properly charged jury;

- A judgment against Respondents Sergeant Nathaniel, Sergeant Reimbave, Police Gregory

  Nuzzi, Police Doe 1, James Patrick O'Neill, Neteis Gilbert, and NEW YORK CITY POLICE

  DEPARTMENT 105 PRECINT for punitive damages in the amount of One Hundred Million

  Dollars (U.S.$100,000,000) to be determined by a properly charged jury;

- A monetary award for attorneys' fees and the costs of this action, pursuant 42 U.S.C. § 1988.

- Totally expunged all criminal charges, destroy all mug shots, finger print, and all retina scan.

- Replevin of all real property, intellectual and otherwise.

- Any other relief that this Court finds to be just, proper and equitable

Dated: October 11, 2019


Respectfully

By: Paul Vassel, sui juris

## **VERIFICATION**

By signing below, I certify to the best of my knowledge, information, and studies that this Amended verified complaint is not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. This verified complaint is supported by existing law or by non-frivolous argument to extending, modifying, or reversing existing laws, but for this court to grant me due process of law and for me to settle and close any mistakes between myself and the parties named as Respondents.

Dated:

All right unalienable. Without recourse

By: _____ 28 U.S.C. §1746
Vassel: paul-anthony, Attorney-in-Fact/Authorized Representative
For PAUL VASSEL

# ANNEX 1:

**NOTICE AND DEMAND FOR TITLE AND NOTICE OF RECISSION OF LOAN**

**CREDIT TRANSACTION**

RE 034285046US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

February 12th, 2019

Libelant: Paul Vassel
563 Meadows Lane
Social Circle, Georgia [30025-9998]

Libelee: OFFER BEN MOSHE
Queens National Auto Group, Corp, et al
72-30 Queens Blvd,
Woodside, New York 11377

INDIVIDUALLY AND SEVERALLY

## NOTICE AND DEMAND FOR TITLE AND

## NOTICE OF RESCISSION OF LOAN CREDIT TRANSACTION

**TAKE NOTICE:** Libelant is moving pursuant to U.C.C. 3-501 and U.C.C. Article 9 causing this DEMAND for Title and exercising my unconditional Right of Rescission of Loan Credit Transaction pursuant to the Truth in Lending Act, 15 U.S.C. §1635 and 12 C.F.R §226.23 [Regulation Z] service upon the Libellees by Registered Mail # RE034285046US

**TAKE NOTICE:** On the day of credit transaction completion, my signed endorsed Promissory Note monetary instrument made out to the payee Queens National Auto Group, Corp was tendered in such form that Title thereto passes upon delivery. To prevent any possible uninformed use of credit or fraudulent intent, My Promissory Note is payable upon demand, Libellees are granted twenty (20) days pursuant to Money and Finance Law "31 C.F.R.,B Chapter 1, Part 103.11(u)(iii)" & U.C.C. 3-108, Article 3 of New York UCC to deliver the Automobile Title 2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871

**TAKE NOTICE:** Libellees did not deliver Auto Title upon reception of my Promissory Note and did not disclose such rights in accordance with regulations of the Bureau in 31 CFR §103.11(u)(iii) and 12 USC Chapter 16 §1831n & U.C.C. 3-108 render of Breach of Trust.

[1]

RE 034285046US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**TAKE NOTICE:** Libellees failed to meet the clear and conspicuous disclosure Hypertechnicality Standard requirement under T.I.L.A and Regulation Z.

**FURTHER NOTICE:** Congress passed the Truth in Lending Act, 82 Stat. 146, as amended, 15 U.S.C. §1635 and the Dodd-Frank Wall Street Reform and Consumer Protection Act, §§1601(b)(1), 1100A(2), 1100H, 124 Stat. 2036, 2107, 2113 to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing practices."

All parties are noticed in accordance with the Truth in Lending Act & regulations of the Federal Reserve Board treasury account ending in 8575.

All responses are required to be served upon the Libellant at the locations shown and expressly and exactly as shown:


By:_____UCC1-308/UCC1-207
    Grantor Paul-Anthony :Vassel
    General Post 310774
    Jamaica, New York [11433-9998]

[2]

RE 034285046US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

## COMMERCIAL VERIFICATION "WITHIN THE ADMIRALTY" AND OATH

I certify under my unlimited liability Commercial Oath, having first hand knowledge of the facts and competent, that the statements and facts are true, correct, complete and certain. I speak the truth, the whole truth and nothing but the truth, so help me God.

UCC1-308/UCC1-207/UCC3-402(b)(1)

By: _____

Paul Vassel, affiant
Without Recourse

STATE OF NEW YORK )
                   )   ss
QUEENS COUNTY      )

I Certify that the aforementioned Affiant Standing before me, a Notary, Subscribed and affirm under oath this ___13th___ day of _Febmary_ 2019.
WITNESS my hand and official seal,

_____
Notary

Commission Expires: _March 16, 2019_

LILOWTIE HEMRAJ
Notary Public, State of New York
No. 01HE6321472
Qualified in Queens County
Commission Expires March 16, 20_19_

[3]

# USPS Tracking®

FAQs >

## Track Another Package  +

**Track Packages
Anytime, Anywhere**

Get the free informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** RE034285046US

Remove ✕

Your item was delivered to an individual at the address at 2:16 pm on February 15, 2019 in WOODSIDE, NY 11377.

 **Delivered**

February 15, 2019 at 2:16 pm
Delivered, Left with Individual
WOODSIDE, NY 11377

**Tracking History**                                              ⌃

Feedback

February 15, 2019, 2:16 pm
Delivered, Left with Individual
WOODSIDE, NY 11377
Your item was delivered to an individual at the address at 2:16 pm on February 15, 2019 in
WOODSIDE, NY 11377.

February 15, 2019, 9:00 am
Arrived at Unit
WOODSIDE, NY 11377

February 15, 2019, 12:41 am
Departed USPS Facility
FLUSHING, NY 11351

February 14, 2019, 7:52 pm
Arrived at USPS Regional Facility
QUEENS NY DISTRIBUTION CENTER

February 14, 2019
In Transit to Next Facility

February 13, 2019, 6:15 pm
Departed Post Office
JAMAICA, NY 11432

February 13, 2019, 5:29 pm
USPS in possession of item
JAMAICA, NY 11432

Feedback

**Product Information**                                              ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

RE 034285050US
# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

February 13th, 2019

Libelant: Paul Vassel
      563 Meadows Lane
      Social Circle, Georgia [30025-9998]

Libelee:  Victoria Van Dergrift, CEO
      PALISADE FUNDING CORP, et al
      150 River Road,
      Mountville, New Jersey 07045

INDIVIDUALLY AND SEVERALLY

## DEMAND FOR TITLE AND NOTICE OF RESCISSION OF LOAN CREDIT TRANSACTION

**TAKE NOTICE:** Libelant is moving pursuant to U.C.C. 3-501 and U.C.C. Article 9 causing this DEMAND for Title and exercising my unconditional Right of Rescission of Loan Credit Transaction pursuant to the Truth in Lending Act, 15 U.S.C. §1635 and 12 C.F.R §226.23 [Regulation Z] service upon the Libellees by Registered Mail # RE034285050US

**TAKE NOTICE:** On the day of credit transaction completion, my signed endorsed <u>Promissory Note</u> monetary instrument made out to the payee Palisade Funding Corp, was tendered in such form that Title thereto passes upon delivery. To prevent any possible uninformed use of credit or fraudulent intent, My Promissory Note is payable upon demand, Libellees are granted twenty (20) days pursuant to Money and Finance Law **"31 C.F.R.,B Chapter 1, Part 103.11(u)(iii)" & U.C.C. 3-108,  Article 3 of New York UCC** to deliver the Automobile Title 2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871.

**TAKE NOTICE:** Libellees did not deliver Auto Title upon reception of my Promissory Note and did not disclose such rights in accordance with regulations of the Bureau in 31 CFR §103.11(u)(iii) and 12 USC Chapter 16 §1831n & U.C.C. 3-108 render Breach of Trust.

[1]

RE 034285046US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**TAKE NOTICE:** Libellees failed to meet the clear and conspicuous disclosure Hypertechnicality Standard requirement under T.I.L.A and Regulation Z.

**FURTHER NOTICE:** Congress passed the Truth in Lending Act, 82 Stat. 146, as amended, 15 U.S.C. §1635 and the Dodd-Frank Wall Street Reform and Consumer Protection Act, §§1601(b)(1), 1100A(2), 1100H, 124 Stat. 2036, 2107, 2113 to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing practices."

All parties are noticed in accordance with the Truth in Lending Act & regulations of the Federal Reserve Board treasury account ending in 8575.

All responses are required to be served upon the Libellant at the locations shown and expressly and exactly as shown:

By:_____UCC1-308/UCC1-207
　　Grantor Paul-Anthony :Vassel
　　General Post 310774
　　Jamaica, New York [11433-9998]

[2]

# USPS Tracking®   FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** RE034285050US                    Remove ✕

Your item was delivered to an individual at the address at 11:39 am on February 25, 2019 in MONTVILLE, NJ 07045.

## ⊘ Delivered

February 25, 2019 at 11:39 am
Delivered, Left with Individual
MONTVILLE, NJ 07045

---

**Tracking History**                                          ⌄

---

**Product Information**                                       ⌄

---

See Less ⌃

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

# USPS Tracking®

**FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package  +

**Tracking Number:** RE034285050US

Remove ✕

Your item was delivered to an individual at the address at 11:39 am on February 25, 2019 in MONTVILLE, NJ 07045.

 **Delivered**

February 25, 2019 at 11:39 am
Delivered, Left with Individual
MONTVILLE, NJ 07045

**Get Updates** ∨

---

**Text & Email Updates**                                   ∨

---

**Tracking History**                                       ∧

February 25, 2019, 11:39 am
Delivered, Left with Individual
MONTVILLE, NJ 07045
Your item was delivered to an individual at the address at 11:39 am on February 25, 2019 in MONTVILLE, NJ 07045.

February 25, 2019, 9:28 am
Arrived at Unit
MONTVILLE, NJ 07045

# ANNEX 2:

**NOTICE OF FAULT OPPORTUNITY TO CURE & TERMINATION AND NOTICE OF DEFAULT, NOTICE OF REFUSAL, CEASE AND DESIST**

RE 034285117 US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

April 09, 2019

Libelant:   Paul Vassel
            563 Meadows Lane
            Social Circle, Georgia [30025-9998]

Libelee:    Victoria Van Dergrift, CEO
             PALISADE FUNDING CORP, et al
             150 River Road,
             Mountville, New Jersey 07045

Reference:  Derry M. Boyd
            Tax Commissioner
            303 S. Hammond Drive

            Lynnette T. Riley
            State Revenue Commissioner
            Department of Revenue
            1800 Century Boulevard Atlanta, GA 30345

            Federal Trade Commission
            600 Pennsylvania Avenue, NW
            Washington, DC 20580

            Consumer Financial Protection Bureau
            1625 Eye Street, N.W.
            Washington, D.C. 20006

**Re: Account #:104594**

### INDIVIDUALLY AND SEVERALLY
### NOTICE OF FAULT OPPORTUNITY TO CURE & TERMINATION

**NOTICE:** Libelant is sending you a reminder in the event you have over looked the previous Registered Number RE034285050US. Notice of Recession of Loan and Demand for Title Dated February 12, 2019 and was delivered to you and was signed for on February 25, 2019. This is a Notice of Fault with an Opportunity to cure. Since as of today April 09, 2019 I have not received my clear title and you have not responded to my previous Notice.

**NOTICE:** It is over thirty (30) business days since you have received the Notice and seems to be an oversight of my Original Notice of Rescission of Loan and Demand for Title pursuant to U.C.C. 3-501 AND U.C.C. Article 9 that was received by you on February 25, 2019. This a DEMAND for Title and exercising my unconditional Right of Rescission of Loan Credit Transaction pursuant to the Truth in Lending Act, 15 U.S.C. §1635 and 12 C.F.R §226.23

[1]

RE 034285117 US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

[Regulation Z], Article 3 of New York UCC and O.C.G.A. 40-3-33 to deliver the Automobile Title.

**NOTICE:** Libelant is moving according to The Eighth Circuit affirmed.
Held: A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a bor-rower "shall have the right to rescind by notifying the creditor . . . of his intention to do so" (emphasis added)—leave no doubt that re-scission is effected when the borrower notifies the creditor of his in- tention to rescind. Further Supreme Court Justice Scalia deliver his opinion of the Court in JESINOSKI ET UX. v. COUNTRYWIDE HOME LOANS, INC., ET AL., of the right to rescind.

**NOTICE:** Libelees did not deliver Auto Title upon accepting of the Promissory Note and did not disclose such rights in accordance with regulations of the Bureau in 31 CFR §103.11(u)(iii) and 12 USC Chapter 16 §1831n & U.C.C. 3-108.
(see Enclosed copy of Notice of Rescission and Demand for Title dated February 12, 2019).

**NOTICE:** Libelant have not received the Title from DMV regarding Automobile Title 2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871. Libelant demanding my Automobile Title within the next thirty (30) days.

**NOTICE:** It seems that there have been a mistake and/or clerical error as occur. This is my second letter to you requesting my clean Title. Please correct the Mistake or error and send me my clean Title free of any Lien Holder.

**NOTICE:** Undersigned, by way of accommodation, accepts the full dollar value outstanding of any balance due for May 5, 2019. Enclosed please find Twenty one dollar ($21) postal money order with Serial Number 25388639493 for May 5, 2019 leaving a balance of full dollar value minus Money-Order-Amount of Twenty One Dollar ($21).

**NOTICE:** Libelant demands all 1099A as an acquisition, 1099C as cancellation and 1099OID as an Original Issue Discount and the U.S. Informational Tax Return form 1096

**NOTICE:** PALISADE FUNDING CORP, et al shall tender PROPER notice and present proof of claim the consideration tender is insufficient AND define what Thing is being demanded for payment AND proof of claim that PALISADE FUNDING CORP, et al has jurisdiction and authority to bring claim AND proof of claim that the court into which this action is brought is a court of competent jurisdiction along with all the facts and law relied upon. If no response within 10 days regarding this matter, then ALL controversy regarding Account Number 104594 stands now peacefully resolved with PAUL VASSEL standing in acquittance and discharge for all purposes of this obligation and confirms that any further attempt to collect constitutes an intentional action against peace through an act of barratry. Therefore PALISADE FUNDING CORP, et al cease and desist any further collection activities.

[2]

RE 034285117 US

# NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY
## 28 U.S.C. §1333, §2461 and §2463
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**FURTHER NOTICE:** Your silence equate acquiescence equates ratification equates confirmation equates assention. When one keeps silent when he should speak proved that he accepted the fact as presented. Therefore you have given full rights and power of attorney to act on your behalf to remove all lien and cancel any and all contract between PALISADE FUNDING CORP and PAUL VASSEL void ab-initio all debt relation between PALISADE FUNDING CORP and PAUL VASSEL and demand PALISADE FUNDING CORP tax id number for the reporting of all taxes. Please complete and return enclosed IRS FORM W9.

All responses are required to be in writing via certified mail and served upon the Libelant at the locations shown and expressly and exactly as shown:


By: _____ UCC1-308/UCC1-207
Grantor Paul-Anthony :Vassel
General Post 310774
Jamaica, New York [11433-9998]

[3]




Vassel: Paul-Anthony
[563] Meadows Lane
Jamaica, NY [11433-9998]

CERTIFIED MAIL#70190700000028183389

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

May 16, 2019

To: Ashley Chavez, Collection Department
   PALISADE FUNDING CORP, et al
   150 River Road,
   Montville, New Jersey 07045

Reference: Victoria Van Dergrift, CEO  *Certified Mail #70190700000 28183396*
   PALISADE FUNDING CORP, et al
   150 River Road,
   Mountville, New Jersey 07045

   Federal Trade Commission
   600 Pennsylvania Avenue, NW
   Washington, DC 20580

   Consumer Financial Protection Bureau
   1625 Eye Street, N.W.
   Washington, D.C. 20006

**Re: Account #:104594**

### INDIVIDUALLY AND SEVERALLY
### NOTICE OF DEFAULT
### NOTICE OF REFUSAL, CEASE AND DESIST

**NOTICE:** Pursuant to the agreement: RE034285050US Notice of Recession of Loan and Demand for Title and pursuant to RE034285117US Notice of Fault with an Opportunity to Cure, please kindly resist from adverse operation(s), Cease and Desist any and all communication, by phone or mail, and/or administration against PAUL VASSEL and/or any property and/or accounts held under and/or for the PAUL VASSEL.

**NOTICE:** PALISADE FUNDING CORP had over Thirty (30) days to provide proof of claim along with all facts and law relied upon that PAUL VASSEL to peacefully stand in full acquittance and discharge for all purposes of this obligation with full reliance upon Act of Congress: ACT OCT. 6, 1917, CH. 106, 40 STAT. 411; furthermore, PALISADE FUNIDNG CORP has not provided proof of claim with all the facts and law relied upon in addition failed to deduct the United State Postal Service Twenty One Dollars ($21) with the balance due to settle and close this matter; furthermore, PALISADES FUNDING CORP has not provided proof of claim with all the facts and law relied upon that the term "dollar" fails to retain the definition as defined by Congress within the Act of April 2, 1792 at § 9, as provided below; else PALISADES FUNDING CORP confirms ALL controversy regarding account# 104594 stands peacefully resolved with PAUL VASSEL standing in acquittance and discharge for all purposes of this obligation; furthermore, PALISADES FUNDING CORP not response confirms/agreed that

[1]




Vassel: Paul-Anthony
[563] Meadows Lane
Jamaica, NY [11433-9998]
CERTIFIED MAIL#70190700000028183389
NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

ANY overpayment shall serve as surety-bond for any costs and/or losses with respect operating and/or administrating PAUL VASSEL and/or any property and/or accounts held for and/or under PAUL VASSEL.

**NOTICE:** Your offer received dated May 10, 2019, enclosed, is accepted for value and return for value, Refuse for Fraud, return without Dishonor, DO NOT CONSENT, and pursuant UCC 3-503/UCC 3-502. Return for Mail Fraud 18 U.S.C. §1341, Return without Prejudice.

**NOTICE:** "A tender is an offer of performance made with the intent to extinguish the obligation (Civ Code Sec 1485). When properly made, it has the effect of putting the other party in default if he refuses to accept it." (Weisenberg v Hirschhorn, 97 Cal App. 532, 275 P. 997; Lovetro v Steers, 234 Cal App. 2d 461, 44 Cal Rptr. 604; Holland v Paddock, 142 Cal App. 2d 534, 298 P 2d 587)

**NOTICE:** "Any tender of performance, including the exercise of an option, is ineffective if it imposes conditions upon its acceptance which the offeror is not entitled to demand. (Civ Code Sec 1494; Schiffner v Papps, (1963) 223 Cal. Ap. 2d 526, 35 Cal. Rptr. 817). However, the imposition of such conditions is waived by the offeree if he does not specifically point out the alleged defects in the tender. (Civ Code Sec 1501; Code Civ Proc., Sec 2076; Hohener v Gauss (1963) 221 Cal. App 2d 797, 34 Cal. Rptr. 656). The rationale of the requirement of specific objection is that the offeror should be permitted to remedy any defects in his tender; the offeree is therefore not allowed to remain silent at the time of the tender and later surprise the offeror with hidden objections. (Thomassen v Carr (1967) 250 Cal. App. 2d 341, 350, 58 Cal. Rptr. 297)" Riverside Fence Co. v Novak, (1969) 78 Cal. Rptr. 536.

**NOTICE:** "A tender need not be kept good when it appears that it will not be accepted." Hossom v City of Long Beach (1948) 189 P. 2d 787, 83 C.A. 2d 745.

**NOTICE:** To date PALISADES FUNDIG CORP did not deliver Auto Title upon accepting of the Promissory Note and did not disclose such rights in accordance with regulations of the Bureau in 31 CFR §103.11(u)(iii) and 12 USC Chapter 16 §1831n & U.C.C. 3-108.

**NOTICE:** To date Paul Vassel has not received the Title from DMV regarding Automobile Title 2018 FORD TRANSIT T-350 VAN, VIN#1FBVU4XM6JKA27871. I am demanding my Automobile Title within the next Ten (10) days.

**NOTICE:** Paul Vassel demands all 1099A as an acquisition, 1099C as cancellation and 1099OID as an Original Issue Discount and the U.S. Informational Tax Return form 1096

**FURTHER NOTICE:** Since you still remained silence this equates acquiescence equates ratification equates confirmation equates assention. When one keeps silent when he should speak proved that he accepted the fact as presented. You have agreed to given full rights and power of

[2]



Vassel: Paul-Anthony
[563] Meadows Lane
Jamaica, NY [11433-9998]



### CERTIFIED MAIL#70190700000028183389
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

attorney to act on your behalf to remove all lien and cancel any and all contract between PALISADE FUNDING CORP and PAUL VASSEL void ab-initio all debt relation between PALISADE FUNDING CORP and PAUL VASSEL and PALISADE FUNDING CORP silence equates a refusal to provide tax id number for the reporting of all taxes. In addition you have accepted the agreement RE034285050US Notice of Recession of Loan and Demand for Title and pursuant to RE034285117US Notice of Fault with an Opportunity to Cure in its entirety.

All responses are required to be in writing via certified mail and served upon the Vassel: Paul-Anthony at the locations shown and expressly and exactly as shown above.

**NOTICE:** Please govern yourselves accordingly

All rights reserved without recourse

By: _____ ucc1-308 _____ in accord and satisfaction
    Grantor Paul-Anthony :Vassel
    General Post 310774
    Jamaica, New York [11433-9998]

* the term "dollar" stands defined by Congress within the Act of April 2, 1792 at § 9, to wit: dollars or units – each to be the value of a Spanish milled dollar as the same is now current, and to contain three hundred seventy-one gains and four sixteenth of a grain of pure, or four hundred and sixteen grains of silver.

[3]

# Palisades Funding Corp.

PO Box 255
Montville, NJ 07045
Tel: 973-334-9870
Fax: 973-334-9945

May 10, 2019

PAUL  VASSEL
563 MEADOWS LANE
Social Circle, GA 30025

Re: Name:  PAUL  VASSEL
Loan Number: 104594
Contract Date: 12/05/2018
Amount Past Due: $ 920.64

Dear PAUL VASSEL

After several attempts to contact you in regards to your account with Palisades Funding Corp.
you seem unwilling to work with us to bring your account up to date or make necessary
arrangements to do so. It is imperative that you take the first step by contacting our office in
regards to your delinquent account as soon as possible.

Our office hours are:     Monday - Friday 9:00 AM - 4:00 PM
                          Saturday          Closed
                          Sunday            Closed

Sincerely,

ASHLEE CHAVEZ
**Palisades Funding Corp**
Collection Department

PFC_2ndDelinquentLetter

**This is an attempt to collect a debt. Any information will be used for that purpose.**



# USPS Tracking®

FAQs >

## Track Another Package  +

**Track Packages
Anytime, Anywhere**

Get the free informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro
/start.action)

**Tracking Number:** 70190700000028183389

Remove ✕

Your item was delivered to an individual at the address at 11:05 am on May 22, 2019
in MONTVILLE, NJ 07045.

 **Delivered**

May 22, 2019 at 11:05 am
Delivered, Left with Individual
MONTVILLE, NJ 07045

Feedback

---

**Tracking History**                                    ∧

May 22, 2019, 11:05 am
Delivered, Left with Individual
MONTVILLE, NJ 07045
Your item was delivered to an individual at the address at 11:05 am on May 22, 2019 in
MONTVILLE, NJ 07045.

May 22, 2019, 8:58 am
Arrived at Unit
MONTVILLE, NJ 07045

May 21, 2019, 12:37 pm
Departed USPS Regional Facility
KEARNY NJ DISTRIBUTION CENTER

May 21, 2019, 8:09 am
Arrived at USPS Regional Facility
KEARNY NJ DISTRIBUTION CENTER

May 20, 2019, 9:34 pm
Departed USPS Regional Facility
NEW YORK NY DISTRIBUTION CENTER

May 20, 2019, 7:43 pm
Arrived at USPS Regional Facility
NEW YORK NY DISTRIBUTION CENTER

May 20, 2019, 2:29 pm
Departed Post Office
JAMAICA, NY 11432

May 20, 2019, 9:36 am
USPS in possession of item
JAMAICA, NY 11432

**Product Information** ∨

**See Less** ∧

# ANNEX 3:

**NOTICE OF CLAIM**

# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

## CERTIFIED MAIL# 70190700000028183709

Pastor Dr. Paul-Anthony family of Vassel, living man
Authorized Representative/Attorney-in-Fact
General Post 310774
Jamaica, New York [11433-9998]

*Claim# 2019 PI 020257*

August 12, 2019

PAUL VASSEL

Claimant(s)

-against-

CITY OF NEW YORK; JAMES PATRICK O'NEILL JR, SUCCESSOR/ASSIGNS DBA
POLICE COMMISSIONER OF NYC; NEW YORK CITY POLICE DEPARTMENT
105 PRECINT; DEPUTY INSPECTOR NETEIS GILBERT; POLICE OFFICER
GREGORY NUZZI; SERGEANT NATHANIEL; SERGEANT REIMBAVE,
POLICE DOE#1 – 10, ET AL

Respondent(s)

TO:   CITY OF NEW YORK
JAMES PATRICK O'NEILL JR, POLICE COMMISSIONER OF NYC
NEW YORK CITY POLICE DEPARTMENT 105 PRECINT
DEPUTY INSPECTOR NETEIS GILBERT
POLICE OFFICER GREGORY NUZZI
SERGEANT NATHANIEL
SERGEANT REIMBAVE
GREGORY NUZZI
POLICE DOE#1 - 10
C/O SCOTT M. STRINGER
NEW YORK CITY COMPTROLLER
1 CENTRE STREET, ROOM 1225
NEW YORK, NY 10007

**PLEASE TAKE NOTICE** that Paul-Anthony family of Vassel, Attorney-in-fact for

PAUL VASSEL (hereinafter "claimant") hereby make(s) claim(s) and demands against

Respondent(s), CITY OF NEW YORK, JAMES PATRICK O'NEILL JR, POLICE

NOTICE OF CLAIM - Page 1 of 7



# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

CERTIFIED MAIL# 70190700000028183709

COMMISSIONER OF NYC; NEW YORK CITY POLICE DEPARTMENT 105 PCT,

DEPUTY INSPECTOR NETEIS GILBERT, POLICE OFFICER GREGORY NUZZI,

SERGEANT NATHANIEL, SERGEANT REIMBAVE, POLICE DOE#1 – 10, as follows:

## THE NATURE OF THE CLAIM:

Claim on behalf of Claimant's decedent, PAUL VASSEL, for personal injuries of body, mind

and spirit, obstructing his private affairs, causing deprivation of Real property, intellectual

property and otherwise, False Arrest, False imprisonment, Kidnapping, Man-stealing, Violation

Of Civil Rights (42 U.S.C. § 1983, Assault; Intention Infliction Of Emotion Distress; Malicious

Prosecution, Negligent Training, And Supervision, Monell Claim Against City Of New York

42 U.S.C. 1983, Respondeat Superior Liability Of City Of New York, Punitive Damages Against

Individual Police Officers In Their Individual Capacity, 42 USC 1985, Conspiracy CLAIM,

42 USC 1986 CLAIM, Manhandling, Duress, Sacrilege, forcefully finger printing without

consent, Illegal Search and Seizure. Acting without delegation of Authority and Jurisdiction,

Determination made without following proper procedure, acting without due process of law.

Determination is arbitrary and abuse of discretions, (*Wilton v. Seven Falls Co., 515 US 277*

*(1995) and General Electric Co. v. Joiner, 522 US 136 (1997).*

## STATEMENT OF CLAIM

Claimant acquired a 2018 Ford Transit T-350 Van, VIN # 1FBVU4XM6JKA27871 from Queens

National Auto Group, Corp, a New York State Corporation. Claimant made all payments up to May

2019. However at approximately 4:00pm an unidentified man came to the location where my Motor-

carriage was parked. It was parked in front 10411 Francis Lewis Blvd, Queens Village, New York

state. At approximately 3:36pm on May 17, 2019, Claimant was parked in front of 104-11 Francis

# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

## CERTIFIED MAIL# 70190700000028183709

Lewis Blvd, Queens Village, New York City at approximately 4:39pm, Claimant entered his motor-carriage on his way to the Post Office, before Claimant could close the door, an unidentified man came and held the door open and refused to identify himself. In holding the door open this caused passing vehicle to hit the door. The unidentified man holding the was then joined by another man that claimed he was a repo man, but also refused to identify himself, but ordering me to leave my motor-carriage. The men continue not to show me any identification nor show me any proof of claim, determine to steal my motor-carriage. I refused to allow them to take my motor-carriage and sat without any quarrel or breach of peace. I kept asking him for identification, but instead of giving me an ID, he called the New York City Police and without proper investigation of a crime, the police started to accused me of not paying my bill with without just cause started to order me out of the motor-carriage, on coming out I was pushed, ruffed up, and handcuffed and was searched without probable cause or an arrest warrant and without my consent to be searched Sgt. Nathaniel started to take out everything out of my pocket. That includes money in the amount of One hundred and Seventeen Dollars ($117.00) and my bunch of keys that were in my pocket was taken out include the key for the motor-carriage and was turned over to the unidentified man who later turned out to be

Wilfredo Toro. I was then taken to the 105 PCT in which SERGEANT REIMBAVE who was at the desk, was verbally abusive and also threatened that if he had come to the scene he would spray pepper in my eyes. I did not consented to my Finger printed, or to picture to be taken of me, however, SERGEANT REIMBAVE, POLICE OFFICER GREGORY NUZZI, SERGEANT NATHANIEL and another POLICE DOE#1, grabbed me out of the cell and held me down and took my private intellectual property without my consent. In addition, they held me and refuse to give me a phone call to my wife, no food, and was verbally abusive. His cause mental strain, duress, and



# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

### CERTIFIED MAIL# 70190700000028183709



irreparable injury to me. I was held overnight deprive my of Shabbat preparation, without food and did not have a proper place to sleep that result in mental fatigue and the cold cause me to have headaches, I have not had headaches in years.

I got the name and number to Wilfredo Toro from the accusatory instrument and to the time of filing this claim it has been sixty (60) days and still deprived of my religious items, include my shofar, prayer shawl, my real property, intellectual and otherwise, but to the time of filing this claim he has refused to tell me where my private intellectual properties are.

Even though there was no crime being committed and there was no injured party, Sgt. Nathaniel Arrested Claimant for obstructing Government Authority. There was not any criminal investigation and breach of peace, but a private dispute. Therefore the Acts of police was beyond the scope of duty, unlawful detention, unauthorized act of access, unauthorized entry of property without probable cause and permission, search Claimants pockets without consent take keys out of the pocket, remove Claimant's motor-carriage key form the bunch and gave it to the individual(s), who came to steal the motor-carriage. From the arrest report the unidentified man was Wilfredo Toro.

As a result of this violation Claimant's real property, intellectual and otherwise, along with all religious and sacred items was seized without probable cause or legal warrant without due process of law. Violation of Article 1, section 12 of New York Constitution and Violation of rights protected by the Fourth Amendment that protects claimant(s) rights against illegal searches and seizure, violation of right to due process of law. Violation under color of law 18 U.S.C §§241, 242.  Violation of rights pursuant 42 U.S.C. §§ 1983, 1985. Carelessness, improper training and recklessness of Respondent(s) CITY OF NEW YORK, JAMES PATRICK O'NEILL JR, POLICE

# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

CERTIFIED MAIL# 70190700000028183709

COMMISSIONER OF NYC; NEW YORK CITY POLICE DEPARTMENT 105 PCT, DEPUTY INSPECTOR NETEIS GILBERT, SERGEANT NATHANIEL, SERGEANT REIMBAVE, POLICE OFFICER GREGORY NUZZU, their agents, servants, and/or employee, departments, agencies acting under their directions, behest and control. Additionally, upon on information and belief Respondent(s) discriminated against Claimant(s) decedent based upon his race, religion, denied his right to due process of law, violation of the civilian rights protected by the constitution, acting under color of law against claimant(s) decedent. Claimant has the rights to protect his property. In the process of Claimant rejection of the unlawful seizure of his motor-carriage the Police Officers on their arrival should stand on the side and make sure that there was no breach of peace. Claimant even though was standing in peace was unlawfully arrested without probable cause because he was an African American without a lawful warrant, illegally detained, unlawful imprisonment for over twenty (20) hours. In a similar incident Police Officers from the 120 PCT arrested the Repo Man, he was charged with Auto Theft, possession of stolen property and falsifying documents, because he was taking the Nissan Maxima of a fellow Police Officer. The Police Officer owed and the Repo Man was arrested, Claimant on the other-hand did not owed but was arrest and the Police aided and abet Repo man possession of stolen property with his false documents. Respondent(s) et al acted without Jurisdiction or presented any delegation of Authority, made determination without following proper procedure, hindering Claimant access to his own property, punitive damages and bogus charge of Obstructing Governmental Administration in the Second Degree with was later Dismissed and Seal On May 18, 2019.

Claimant declares that Respondent(s) have unclean hands, and running a scheme to steal Claimant's motor-carriage without due process of law. Said claim seek compensation for Claimant(s) decedent's

# NOTICE OF CLAIM

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**

## CERTIFIED MAIL# 70190700000028183709

physical and emotional pain, and suffering, loss of real property, intellectual and otherwise, deprivation of access to personal property, compensatory damages, and punitive damages for Respondent(s) et, al wanton, and willful deprivation of Claimant civilian protected rights.

A separate claim is also made by claimant(s) against SGT. NATHANIEL and POLICE OFFICER GREGORY NUZZI of the 105 PRECINCT in their individual capacity and all other damages allowed according to law and equity. Miranda v. Arizona, 384 U.S. 436, 447-8 (1966) [illegal police procedures]; *Pointer v. Texas, 380 U.S. 400, 404 (1965) [citing Davis v. Alaska, 415 U.S. 308, 316 (1974)]* [right to confront accusers/witnesses]. VIOLATION OF TITLE 42 U.S.C. § 1982 – PROPERTY RIGHTS OF CITIZENS

All officers present as well as Sgt. Nathaniel and Police Officer Gregory Nuzzi, et al did deny Claimant's civilian rights protected by the constitutional. The pendent claim under New York State Executive law § 293 and New York City Administrative code §8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such a that the claimant would ordinarily be expected to try them in one judicial proceeding.

WHEREFORE, Claimant seeks a sum certain One Hundred Million US Dollars (U.S. $100,000,000.00).

Respectfully Entered,

ALL RIGHTS RESERVED WITHOUT RECOURSE

By: _____

# NOTICE OF CLAIM

<u>**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent**</u>

## CERTIFIED MAIL# 70190700000028183709

## JURAT



State of *New York* )

)

) ss.:

County of *Queens* )

On the *12th* day of *August* in the year *2019*

the undersigned, standing before me *VASSEL, PAUL A.* personally known

to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)

is subscribed to the within **NOTICE OF CLAIM** and acknowledged to me that he executed the

same in his capacity, and that by his autograph on the instrument, the individual(s), executed the

instrument.

By: _____

**ALL RIGHTS RESERVED WITHOUT RECOURSE**

*Lilowtie Hemraj*

Notary

My commission Expires *March 16, 2023*

LILOWTIE HEMRAJ
Notary Public, State of New York
No. 01HE6321472
Qualified in Queens County
Commission Expires March 16, 20_23_

NOTICE OF CLAIM - Page **7** of 7