# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

––––––––––––––––––––

№ 19-CV-3241 (EK) (RER)

––––––––––––––––––––

PAUL ANTHONY VASSEL,

Plaintiff,

VERSUS

PALISADES FUNDING CORP., ET AL.,

Defendants.

––––––––––––––––

**REPORT & RECOMMENDATION**

September 9, 2022

––––––––––––––––

**TO THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Paul Anthony Vassel ("Plaintiff" or "Vassel"), proceeding *pro se*, commenced this action on May 29, 2019, alleging various consumer protection and civil rights violations arising out of the allegedly unlawful repossession of his vehicle on May 17, 2019, and his arrest during that incident. (ECF No. 1 ("Compl.")). After Your Honor dismissed several claims and defendants (ECF No. 7), and after a number of discovery-related issues (ECF Nos. 15–17, 21, 38–45, 52), several of the remaining defendants—Detective Richard Nathaniel, Sergeant Jude Reimbeau, and Police Officer Gregory Nuzzi (together, the "City Defendants")—now move for sanctions against Plaintiff, including the immediate closure of discovery and dismissal of the Complaint for

1

Plaintiff's failure to comply with multiple court orders (ECF Nos. 53 ("Def's Second Mot. for Sanctions"); ECF No. 55 ("Def's Third Mot. for Sanctions")). Plaintiff cross-moves for sanctions against counsel for the City Defendants ("Corporation Counsel") for alleged ethics violations. (ECF No. 62 ("Pl's Mot. for Sanctions")).

For the reasons discussed below, I respectfully recommend that the City Defendants' Motion for Sanctions be granted and that the action be dismissed. I also respectfully recommend that Plaintiff's Motion for Sanctions be denied.

## **BACKGROUND**

Although this Court assumes familiarity with the factual allegations underlying Plaintiff's case, details regarding the procedural history of the action and the numerous discovery disputes between the parties are provided below, as they are relevant to the motions before the Court.

Plaintiff commenced this action on May 29, 2019. (Compl.). After his initial Complaint was dismissed without prejudice and with leave to amend (ECF No. 5), Plaintiff filed an Amended Complaint on October 15, 2019 (ECF No. 6 ("Am. Compl.")). The Court dismissed the Amended Complaint in part, dismissing several claims and several defendants, and granted Plaintiff leave to file a second amended complaint within thirty days. (*See* ECF No. 7). The Court subsequently granted Plaintiff's request for an extension of time to file a second amended complaint, which Plaintiff never filed. (*See* ECF No. 9; Order dated 07/06/2020).

I.    The *Valentin* Order and Defendants' First Motion to Compel

In dismissing Plaintiff's Amended Complaint in part, Your Honor ordered Corporation Counsel to "ascertain the identity of the 'Police Doe 1' defendant" within forty-five days (the "*Valentin* Order"). (*See* ECF No. 7 at 19). After receiving two extensions of time to comply (ECF No. 11; Order dated 07/15/2020; ECF No. 14; Order dated 09/17/2020), the City Defendants

moved for an order compelling Plaintiff to respond to identification interrogatories to facilitate compliance with the *Valentin* Order (ECF No. 17 ("Def's First Mot. to Compel")). This Court granted the motion, and warned Plaintiff that "[f]ailure to respond will result in a recommendation to the district judge that all claims against Police Doe 1 be dismissed." (Order dated 01/14/2021). The City Defendants served the interrogatories and the Court's Order on Plaintiff via first class mail. (ECF No. 18). After Plaintiff failed to respond, the City Defendants moved to dismiss Police Doe 1 from the case and sought relief from their obligations under the *Valentin* Order. (ECF No. 21). The Court relieved the City Defendants of their obligations under the *Valentin* Order, but declined to dismiss Police Doe 1 at the time. (Order dated 04/23/2021).

II.    The Section 160.50 Order, Defendants' Second Motion to Compel, and Defendants' First Motion for Sanctions

Following these proceedings, this Court held an initial conference and set a discovery schedule. (Minute Entry dated 09/09/2021). The City Defendants subsequently filed a second letter motion to compel, asking that the Court order Plaintiff to execute a Section 160.50 release after his continued and emphatic refusal to do so pursuant to irrelevant sections of the Uniform Commercial Code. (ECF No. 38 ("Def's Second Mot. to Compel"); *see also* ECF No. 38-1 (letter from Plaintiff refusing to execute release "for fraud without dishonor")). This Court granted the motion, ordered Plaintiff to execute the requested release by December 6, 2021 (the "Section 160.50 Order"), and warned that "[f]ailure to do so will result in a report being issued to the assigned district judge recommending that this case be dismissed for failure to prosecute and failure to follow a court order." (Order dated 11/29/2021).

On December 6, 2021, the City Defendants reported that Plaintiff failed to comply with the Section 160.50 Order. (ECF No. 39). The same day, Plaintiff appealed the Section 160.50 Order

to Your Honor, arguing that he was not aware of the motion to compel or the Order and that the sealed records pertaining to his arrest had "no bearing/relevance whatsoever to the case at hand." (ECF No. 42).[1] Before Plaintiff's appeal was docketed, the City Defendants moved to dismiss the action under Federal Rule of Civil Procedure 41(b) as a sanction for Plaintiff's failure to comply with the Section 160.50 Order. (ECF No. 41 ("Def's First Mot. for Sanctions")).

Your Honor affirmed the Section 160.50 Order, directed Plaintiff to provide an executed Section 160.50 release, and again warned Plaintiff that failure to comply could result in dismissal for failure to prosecute and failure to follow a court order. (ECF No. 45 ("M&O") at 5). Plaintiff ultimately provided "deficient § 160.50 releases" that "did not fully comply with the Court's Order." (*See* Def's Second Mot. for Sanctions at 2; *see also* ECF No. 57 ("Pl's Resp. to Def's Second Mot.") at Ex. B (Section 160.50 release executed by Plaintiff on February 11, 2022 containing incomplete social security information, crossing out certain language in the release, and adding language purportedly requiring that any unsealed records be made available only within Plaintiff's presence). Nevertheless, the City Defendants withdrew non-compliance with the Section 160.50 Order as an independent basis for discovery sanctions (*see* Status Report Order dated 06/07/2022; Def's Second Mot. for Sanctions at 2), and the Court terminated the City Defendants' First Motion for Sanctions (Order dated 07/15/2022).

III.    <u>Defendants' Third Motion to Compel and Second Motion for Sanctions</u>

In May 2022, after Plaintiff failed to respond to discovery requests that were served upon him multiple times and refused to submit himself to a previously scheduled oral deposition, the City Defendants moved again to extend the discovery completion deadline and moved for the third time

---

[1] Plaintiff's appeal was dated and received by the Clerk of the Court on December 6, 2021, but was not administratively entered on the docket until December 8, 2021. (*See* ECF No. 42).

to compel Plaintiff's participation in the discovery process, specifically requesting an order directing Plaintiff to "submit to a deposition pursuant to Federal Rules of Civil Procedure 30(a)(1) and respond to [D]efendants' Document Requests and Interrogatories." (ECF No. 52 ("Def's Third Mot. to Compel")). In ruling on the motion, this Court directed the City Defendants to provide Plaintiff with yet another copy of their document requests and interrogatories, ordered Plaintiff to respond by June 17, 2022, and ordered Plaintiff to appear for a video deposition by July 1, 2022. (Minute Order dated 05/25/2022). Reciprocally, this Court ordered that Plaintiff serve written depositions on all Defendants by June 24, 2022, and ordered that the Defendants respond under oath by July 15, 2022. (*Id.*).

Less than a week after the conference, the City Defendants learned while attempting to schedule Plaintiff's deposition that he would be out of the country from June 20, 2022 until after the July 1, 2022 deposition deadline, and that Plaintiff failed to raise that conflict with the Court. (Def's Second Mot. for Sanctions at 2). During the same conversation, Plaintiff reportedly refused to submit himself to a deposition before his planned trip out of the country and denied having ever received Defendants' previously delivered discovery requests. (*Id.* at 2–3; *see also* ECF No. 53-1 (indicating requests were delivered and picked up in April 2022)). The City Defendants later informed Plaintiff that their discovery requests were once again available for pick-up at his mailing address—which he denied—and offered to make paper copies available for pick-up at Corporation Counsel's office—which he declined. (Def's Second Mot. for Sanctions at 3; *see also* ECF No. 53-2 (indicating requests were delivered on June 2, 2022 and picked up on June 7, 2022)).

Based on Plaintiff's repeated "uncooperative behavior" which "forced defendants to request Court intervention on multiple occasions in order to obtain basic discovery," and his continued non-compliance with the Section 160.50 Order, the City Defendants again requested that the Court

dismiss the action under Federal Rules of Civil Procedure 37 and 41(b). (*Id.* at 3–5). Alternatively, the City Defendants requested that the Court order Plaintiff to respond to their discovery requests by June 15, 2022, and appear for a video deposition on June 17, 2022. (*Id.* at 5).

IV.    <u>Plaintiff's Deposition</u>

Plaintiff ultimately responded to some of the City Defendants' discovery requests, objected to others "for proper proof evidencing this claim" (ECF No. 55-1 at 2–6), and sat for a deposition on June 17, 2022, without a court order requiring his attendance (*See* Def's Third Mot. for Sanctions at 2–3; *see also* ECF No. 61 ("Vassel Depo. Tr.")). During the deposition, Plaintiff was examined by Victoria Carballo, an Assistant Corporation Counsel for the City of New York who is awaiting admission to the Bar. (Vassel Depo Tr. at 7:1–9).[2]

At the outset of the deposition, Plaintiff refused to be sworn in or affirmed until the City Defendants sought judicial intervention and moved on the record for dismissal as a sanction for his refusal to participate in the deposition, and until the Court instructed the court reporter to consider Plaintiff affirmed. (Def's Third Mot. for Sanctions at 2; Vassel Depo. Tr. at 4:1–6:18). Once the examination began, Plaintiff routinely made baseless objections, provided disruptive responses to straightforward questions,[3] and, citing provisions of the Administrative Procedure

---

[2] Since May 16, 2022, Corporation Counsel has consistently kept the Court and Plaintiff informed of Ms. Carballo's pending Bar admission status, and the Court has authorized her supervised practice in this matter. (*See, e.g.*, Def's Third Mot. to Compel at 1 n.1 ("This case has been assigned to Assistant Corporation Counsel Victoria Carballo, who is presently awaiting admission to the Bar and is handling this matter under supervision."); Def's Second Mot. for Sanctions at 1 n.1 (same); ECF No. 63 ("Def's Opp. to Pl's Mot.") at 1 n.1 (same); *see also* Minute Order dated 05/25/2022 (noting Ms. Carballo's appearance and authorizing her practice under supervision while awaiting admission)).

[3] *See, e.g.*, (Vassel Depo. Tr. at 7:11–13, 16:5–21, 18:1–11, 26:24–27:19 (objecting to being called "Mr. Vassel," and questions regarding his legal name, asserting that "Paul Vassel is a trademark name," indicating that he is being deposed "here in the capacity as a beneficiary to the estate of Paul Vassel," and asserting that "Paul Vassel is an entity"); *id.* at 11:6–12:13 (refusing to acknowledge comprehension of the English language); *id.* at 18:12–19:15 (refusing to identify documents in his presence during the deposition under the guise of requesting clarity); *id.* at 23:6–8 ("Q: Where were you living at the time you filed that lawsuit. A: I live in my body."); *id.* at 23:19–24:3 ("Q: Do you reside at that [mailing address in Jamaica, New York]? A: I need clarity on the word reside. Q: Do you live at that

Act, 5 U.S.C. § 552a, refused to provide his social security number until defense counsel provided theirs. (Def's Third Mot. for Sanctions at 2; Vassel Depo. Tr. at 37:8–18 (refusing to provide his social security number and explaining "if you want mine then you have to provide me yours.").

At that point, the City Defendants again sought judicial intervention. (Vassel Depo. Tr. at 37:17–39:11). This Court ruled on the record that Defendants' counsel did not "have to give anyone their social security number," ordered Plaintiff to provide his social security number, and explained that his response to the request would be deemed confidential and would therefore be protected from disclosure. (*Id.* at 39:15–40:1). Plaintiff objected, demanded that the Court's Order be provided in writing, and explained that he would not comply until he obtained a signed, written order. (*Id.* at 40:2–17). After the Court explained that the oral order was valid and binding, Plaintiff purported to "add to [the] order that anybody that use[s] [his] social security number without [his] consent to open any account under [his] name . . . will be held liable," and purported to condition his compliance with the Court's order on his own terms. (*Id.* at 41:2–12 ("[I]f you can accept that then your order is fine. I will give it to them."). Following the Court's ruling on the issue, Plaintiff combatively asked for the Court's "oath of office" and accused the Court of violating his privacy. (*Id.* at 42:6–43:5). The Court explained that it had made a ruling, and that Plaintiff was free to appeal the decision to the District Judge. (*Id.* at 43:6–12).

---

address? A: As I state and then for the record I live in my body. Q: What address do you sleep at? A: I sleep where Shaway put me. Q: Is the address you gave for the record your home? A: Again, and for the record, I do not understand the question."); *id.* at 28:21–29:14 (requesting clarification on the words "divorce" and "marriage"); *id.* at 29:24–30:24 (despite bringing suit, requesting clarification for what a "court" and a "judge" are, purporting to "conditionally accept . . . upon proof of claim" that the undersigned and Judge Komitee are judges, and indicating his understanding that "there are only nine judges . . . . the Supreme Court Judges."). Plaintiff's appearances before and submissions to the Court have also demonstrated his understanding of the English language which belies any of these purported communication issues. *See, e.g.*, *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (noting "the fact that English is [plaintiff's] second language cannot excuse his repeated failures to comply" where "his filings demonstrate fluency in written English" and "[h]is appearance before our Court demonstrated an adequate command of spoken English.").

Following this second conference with the Court, the City Defendants asked "pursuant to Judge Reyes's oral order what is your social security number?" (*Id.* at 44:25–45:1). In direct contravention of this Court's clear Order, Plaintiff responded: "for the record, I will give it to you in writing, equal exchange for you to give me yours in writing and all receive an interest there of . . . . I'm not refusing. . . . I'm saying I will give it to you. . . . I will give it to you in writing, in private, and you give me yours in exchange, equal exchange." (*Id.* at 45:5–13). Following Plaintiff's non-compliance with the Order, Ms. Carballo continued examining Plaintiff, and Plaintiff continued to demonstrate selective ignorance to basic concepts. (*Compare id.* at 47:8–50:8 (noting that Plaintiff was in his "private carriage" engaged in "private business" when the incident took place, and requesting clarification on the definitions of "vehicle," "car," or "van"); *with id.* at 61:1–9 (demonstrating Plaintiff's understanding of what "cars" and "vehicles" are); and *id.* at 157:19–158:3, 159:9–161:2 (requesting clarification as to the concepts of "money" and "income") *with* 101:19–25 (demonstrating Plaintiff's understanding of what "money" is).

V.    <u>The Instant Motions</u>

Following Plaintiff's deposition, the City Defendants moved for the third time for sanctions "[i]n light of [P]laintiff's refusal to comply with court orders," his failure to provide sufficient responses to written discovery and requests for production, and as a sanction "for plaintiff's unending pattern of non-compliance, delay, and waste of both defendants and Court time and resources." (Def's Third Mot. for Sanctions at 3–4). In addition to Plaintiff's uncooperative conduct at the deposition, the City Defendants cite Plaintiff's "puzzling" objections and "insufficient" responses to several interrogatories and his failure to identify any documents responsive to their requests for production as reasons for sanctions. (*Id.* at 3–6; *see also* ECF No. 55-1 at 2–6 ("Plaintiff Objects to this question for proper proof evidencing this claim")). The City

Defendants request that the Court dismiss the action under Rules 37 and 41(b), and immediately close discovery in light of Plaintiff's continued violations. (Def's Third Mot. for Sanctions at 4, 6).[4]

In response, Plaintiff alleges that the City Defendants improperly refused to respond to his interrogatories and deposition questions, failed to share the records that were unsealed pursuant to his deficient § 160.50 release, and, construed liberally, seeks to compel the City Defendants to produce certain body camera footage of Plaintiff's fingerprinting following his arrest (Pl's Resp. to Second Mot.; ECF No. 58 ("Pl's Resp. to Third Mot.")).[5] Plaintiff also accuses Corporation Counsel of conspiring to use Ms. Carballo to conduct his deposition "in order to avoid answering" the questions listed in the "Public Servant Questionnaire" that he attached to his interrogatory responses (*see* ECF No. 55-1 at 7–14), and cross-moves to "sanction, discipline, and fine" Corporation Counsel for that alleged misconduct (Pl's Mot. for Sanctions).

## **DISCUSSION**

I.  Plaintiff's Violations of the Court's Clear Orders Warrant Dismissal Under Federal Rule of Civil Procedure 37

Under Rule 37, a court may sanction a party who deliberately fails to comply with discovery orders, which may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Factors that bear on a court's exercise of discretion in imposing and selecting

---

[4] The City Defendants also requested that the Court adjourn the Final Pre-Trial Conference that was scheduled for July 19, 2022. (Def's Third Mot. for Sanctions at 6). Since the conference went forward as scheduled (*see* Minute Entry dated 07/19/2022), this request should be denied as moot. (*See* ECF No. 59 ("Def's Reply") at 4 n.4).

[5] In reply, the City Defendants note that they have served objections and responses to Plaintiff's written interrogatories, document requests, and written deposition questions, and have repeatedly mailed copies of disclosures and responses to discovery demands, including the records unsealed by his deficient § 160.50 release, but that Plaintiff "continuously uses the blanket excuse of [having] never received documents to avoid good faith participation in this litigation." (Def's Reply at 3). The City Defendants also note that they have never been in possession of the additional video footage that Plaintiff seeks, and "upon information and belief, no such footage ever existed." (*Id.* at 2).

a sanction under Rule 37 include '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Aristidou v. Aviation Port Servs., LLC*, No. 18-CV-4040 (RPK) (RER), 2021 WL 2471269, at *3 (E.D.N.Y. June 17, 2021) (quoting *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). "'Because the text of the rule requires only that the district court's orders be "just," however, and because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party' opposing the sanctions." *Id.* (quoting S. *New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)).

"An order issued by a court must be obeyed, even if it is later shown to be erroneous." *Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 7 (2d Cir. 2013) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Id.* (quoting *McDonald*, 850 F.2d at 124). Accordingly, "all litigants, including *pro ses,* have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal*, 555 F.3d at 302 (internal citations and quotation marks omitted); *see also McDonald*, 850 F.2d at 124 ("While *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Thus, "so long as a warning has been given that noncompliance

can result in dismissal[,]" such a sanction may be appropriate. *Agiwal*, 555 F.3d at 302 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

Considering these factors and the record as a whole, Plaintiff has obstinately failed to comply with multiple court orders, has been warned that failure to follow court orders may result in dismissal, and has demonstrated an unwillingness to play by the rules such that the harsh sanction of dismissal is warranted.

A. Plaintiff Has Demonstrated Willful Non-Compliance and Bad Faith

"'Dismissal under Rule 37 . . . should be imposed only in extreme circumstances' where the failure to comply is due to 'willfulness, bad faith, or any fault.'" *Wilson v. Cabrini Ctr. for Nursing & Rehab.*, No. 04-CV-608 (FB) (LB), 2007 WL 1343673, at *2 (E.D.N.Y. Apr. 17, 2007) (quoting *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986)) "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Baba v. Japan Travel Bureau Int'l, Inc*., 165 F.R.D. 398, 402–03 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997). "In particular, the court may dismiss a case or issue a default judgment 'to punish litigants whose conduct is sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct.'" *EverHome Mortg. Co. v. Charter Oak Fire Ins. Co.*, No. 07-CV-98 (RRM) (RML), 2013 WL 12360683, at *3 (E.D.N.Y. Jan. 15, 2013) (quoting *Altschuler v. Samsonite Corp*., 109 F.R.D. 353, 356 (E.D.N.Y. 1986)), *adopted by* 2013 WL 12360684 (Mar. 1, 2013).

Plaintiff has demonstrated a pattern of willful non-compliance throughout these proceedings, including through illustrative instances of bad faith at his deposition. First, after this Court ordered Plaintiff to respond to identification interrogatories, and warned that failure to do so might result

11

in dismissal of his claims against Police Doe 1, Plaintiff ignored the Court's Order. (*See* Order dated 01/14/2021). Even accepting Plaintiff's explanation that he was unaware of that Order (Pl's Resp. to Third Mot. for Sanctions at 1)—despite Defendant's Declaration of Service of the motion, the Order, and the interrogatories (ECF No. 18)—Plaintiff has continued to demonstrate an unwillingness to fully comply those orders that he is aware of, and instead selectively complies based on terms and conditions of his own invention.

For example, after two warnings that failure to comply with the Court's Section 160.50 Order could result in dismissal, Plaintiff withheld requested information when he ultimately executed the release, and altered the release in an apparent effort to condition his compliance and limit its effect. (*See* Pl's Resp. to Def's Second Mot. at Ex. B). Further, despite this Court's Order that Plaintiff disclose his social security number on the record and that defense counsel was not obliged to reciprocate, Plaintiff purported to "add to the order," and once the Court was out of earshot, flouted the Order and demanded that defense counsel provide their social security numbers in an "equal exchange." (Vassel Depo Tr. at 39:15–45:13). Although the Court explained that Plaintiff could appeal the Order, "disagreement with the court's discovery order is not a ground for non-compliance." *Baba*, 165 F.R.D. at 404 (quoting *Zises v. Dep't of Soc. Servs. of Hum. Res. Admin. of City of New York*, 112 F.R.D. 223, 227 (E.D.N.Y. 1986)).

Plaintiff also failed to provide the City Defendants with responses to their requests for production as directed by this Court's Order setting discovery deadlines (Minute Order dated 05/25/2022; Def's Third Mot. for Sanctions at 4), and while ostensibly complying with this Court's Order to appear for a video deposition (Minute Order date 05/25/2022) refused to affirm until the Court intervened, repeatedly objected to questions on frivolous grounds once the examination began, and provided disingenuous responses throughout the deposition. Although the Court

appreciates Plaintiff's *pro se* status, "the special solicitude for the difficulties that a *pro se* plaintiff must face does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *McDonald*, 850 F.2d at 124 (internal quotation marks and citations omitted).

As Plaintiff's non-compliance is not based on any misunderstanding of the Court's Orders, but is based on his manifest unwillingness to comply unless they are amended by terms and conditions of his own invention, this factor weighs heavily in favor of dismissal.

B.  Lesser Sanctions Would Be Ineffective

"[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)); *see also Bussa v. MTA New York City Transit,* No. 10-CV-2525 (JBW) (MDG), 2011 WL 7301567, at *5 (E.D.N.Y. Nov. 1, 2011) ("Such a drastic sanction is appropriate here also in order to deter plaintiff and other litigants from disobeying court orders and ignoring valid discovery requests."), *adopted by* 2012 WL 486730 (Feb. 14, 2012). However, "the sanction of dismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after the consideration of alternative, less drastic sanctions." *Essani v. Earley*, No. 13-CV-3424 (JMA) (SIL), 2018 WL 3785109, at *3 (E.D.N.Y. Aug. 9, 2018) (quoting *Martinez v. City of New York*, No. 16-cv-79, 2018 WL 1835935, at *2 (E.D.N.Y. Apr. 18, 2018)), *adopted by*, 2018 WL 4100483 (Aug. 28, 2018); *see also United States v. Real Prop. & Premises Located at 26421 Riverrock Way, Santa Clarita, California 91350-3995, & All Proceeds Traceable Thereto,* No. 15-CV-6762 (ARR) (RML), 2022 WL 2466833, at *2 (E.D.N.Y. May 20, 2022) (quoting *Campos v.*

13

*Quentin Mkt. Corp.*, No. 16 CV 05303, 2017 WL 9253412 at *2 (E.D.N.Y. Nov. 21, 2017)) ("Striking a pleading or dismissing a case are severe penalties that should be used only in extreme situations").

Taken together, the bad faith exhibited by Plaintiff in altering the § 160.50 release, in purporting to alter this Court's Order to answer a question at his deposition, in subsequently disobeying that same Order, and in repeatedly feigning unfamiliarity with basic concepts throughout his deposition warrants the harshest of sanctions. Indeed, Plaintiff admits to his failure to comply with what he considers to be "unscrupulous demands from defendants counsel," and demands additional authority requiring his compliance beyond an order from the Court. (Pl's Resp. to Third Mot. at 2–3). While this Court has considered less drastic sanctions such as the close of discovery or monetary sanctions, such sanctions would do nothing to address Plaintiff's continued misconduct in this case, should it move forward, and would invite other litigants to flout their obligations and impose conditions on compliance in the same manner. "The interest of justice is not served by giving plaintiff unlimited chances to obey the Court's Orders[.]" *Grant v. City of New York*, No. 07-CV-869 (ENV) (LB), 2008 WL 4646158, at *3 (E.D.N.Y. Oct. 20, 2008). Accordingly, this factor weighs in favor of dismissal, even if only slightly so.

C. The Duration of Non-Compliance Weighs Toward Dismissal

"Periods of noncompliance as brief as a few months have been held to weigh in favor of dispositive sanctions." *Aristidou*, 2020 WL 10317398, at *14 (citing *Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.,* 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases)). In considering whether to dismiss an action for failure to prosecute or obey a court order, "[d]ays or weeks of delay 'typically do[] not warrant dismissal.'" *Diaz v. Comm'r of Soc. Sec.*, No. 20-CV-245 (RPK), 2022 WL 511818, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *Chavis v. City of New York*,

No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *adopted by*, 2018 WL 6528238 (Dec. 11, 2018)). However, "[d]elays of five months or less have resulted in dismissal by courts in the Second Circuit." *Greene v. City of New York*, No. 19-CV-873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting cases), *adopted by* 2020 WL 2836785 (E.D.N.Y. June 1, 2020)). "Even 'a short delay by the plaintiff may still properly result in dismissal if plaintiff has willfully failed to comply with multiple court orders' during the course of the action.'" *Id.* (alterations and internal quotation marks omitted) (quoting *Feurtado v. City of New York*, 225 F.R.D 474, 479 (S.D.N.Y. 2004)).

On multiple occasions, Plaintiff has demonstrated months-long non-compliance with court orders throughout the course of these proceedings. For example, Plaintiff did not comply with this Court's Order to respond within seven days to the City Defendants' identification interrogatories for more than two months. (*See* Order dated 01/14/2021; Def's First Mot. to Compel; Order dated 04/23/2021). Plaintiff also failed to comply with this Court's Section 160.50 Order for over two months while it was pending appeal. *See Manigaulte*, 533 F. App'x at 7 (quoting *McDonald*, 850 F.2d at 124) (noting that "absent a stay" a litigant "must comply promptly with [an] order pending appeal"). When that Order was affirmed, Plaintiff attempted to alter his obligations and in doing so failed to fully comply with the Order. (*See* Pl's Resp. to Def's Second Mot. at Ex. B). Plaintiff was notified on more than one occasion that his purported release was defective, and was sent a blank release to correct the error (ECF No. 48; Def's Third Mot. to Compel at 3 n.2), but has not complied to this day, more than six months after Your Honor's order to comply. (*See* M&O). Courts in this Circuit have dismissed *pro se* actions for protracted non-compliance with a Section 160.50 order. *See Basile v. City of New York*, No. 17 Civ. 9060 (ER), 2019 WL 4572812, at *7 (S.D.N.Y. Sept. 20, 2019) (dismissing *pro se* plaintiff's action for failure to comply with

outstanding orders to execute § 160.50 releases after one and a half years); *Perez v. City of New York*, No. 02 Civ. 3670 (WK), 2003 WL 1992437, at *2 (S.D.N.Y. Apr. 10, 2003) (dismissing action after ten month delay in producing § 160.50 release). Although the City Defendants were eventually able to secure documents despite the deficiencies in Plaintiff's release, Plaintiff's non-compliance served to "drag[] [defendants] and this [C]ourt through 'a pattern of prolonged and vexatious obstructions of discovery'" which "supports the imposition of dispositive sanctions." *Aristidou*, 2020 WL 10317398, at *14 (quoting *Local Union No. 40*, 88 F. Supp. 3d at 266)).

Given Plaintiff's protracted non-compliance with multiple discovery orders, this factor weighs in favor of dismissal.

D. Plaintiff Has Been Warned

In *pro se* actions, courts generally weigh the fourth and final factor heavily in considering whether to impose the sanction of dismissal. *See, e.g.*, *Phelan v. Cambell*, 507 F. App'x 14, 15 (2d Cir. 2013) (quoting *Valentine*, 29 F.3d at 50) ("Where a plaintiff appears *pro se*, dismissal with prejudice may be imposed only if 'a warning has been given that noncompliance can result in dismissal.'"); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (noting that "while [*pro se*] litigants have not right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions" and finding that "before the district court could impose the harsh sanction of dismissal against this *pro se* litigant, it should have informed her that violation of a court order would result in a dismissal of her case with prejudice."); *cf. Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *7 (E.D.N.Y. Aug. 20, 2021) ("A *pro se* defendant must receive "adequate warning" or notice of the consequences for noncompliance before a court imposes sanctions."), *adopted by* 2021 WL 4463483 (Sept. 29, 2021).

Plaintiff was warned by the Court on two occasions that failure to comply with the Section 160.50 Order, which remains outstanding, could result in dismissal. (Order dated 11/29/2021; M&O at 5). Plaintiff was also warned on an earlier third occasion that failure to respond to identification interrogatories pursuant to the Court's Order could result in the dismissal of claims against Police Doe 1. (Order dated 01/14/2021). Further, while Plaintiff was not specifically warned that failure to obey subsequent court orders would result in the harsh sanction of dismissal of his case, the Court did warn Plaintiff that an oral order at his deposition "is as valid as if it's put on paper and submitted on the docket." (Vassel Depo. Tr. at 40:22–25). Despite this explanation, Plaintiff chose to flout that Order as well. Where, as here, "the record reflects multiple violations" and the district court has provided a plaintiff with "multiple warnings" and "ample opportunity to cooperate with her adversary and the court," dispositive sanctions may be appropriate. *Carvalho v. New York Dep't of Tax'n & Fin.*, 21 F. App'x 77, 79 (2d Cir. 2001) (affirming dismissal under Rule 37 where district court "ha[d] not specified which orders [plaintiff] failed to obey," but "the record reflect[ed] multiple violations" including failure to obey "the court's instruction to answer deposition questions").

Considering the multiple instances of non-compliance on the record, the multiple warnings that Plaintiff received, and Plaintiff's willful disobedience of this Court's order after receiving an explanation that it was binding, this Court is satisfied that Plaintiff had adequate notice of the potential for the harsh sanction of dismissal. Accordingly, this factor weighs in favor of dismissing the action.

II.    <u>Rule 41(b) Provides Further Grounds to Dismiss Plaintiff's Complaint</u>

Under Rule 41(b), an action may be dismissed if a plaintiff fails to prosecute his case, to comply with the Federal Rules of Civil Procedure, or comply with a court order. Fed. R. Civ. P.

41(b). "Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) . . . : (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Booker v. Suffolk Cnty. Corr. Facility*, No. 14-CV-5204 (AMD) (SJB), 2020 WL 1821903, at *9–10 (E.D.N.Y. Feb. 13, 2020) (citing *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2019 WL 360099, at *2 (E.D.N.Y. Jan. 11, 2019), *adopted by*, 2019 WL 356939 (Jan. 29, 2019)), *adopted by* 2020 WL 1821348 (Apr. 10, 2020); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324 (KAM) (SJB), 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (citing *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)) (outlining Rule 41(b) factors).

Like the Rule 37 factors, "no one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Further, "[b]ecause of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), there is no need to repeat the discussion of redundant factors in detail." *Booker*, 2020 WL 1821903, at *9 (alterations omitted) (quoting *Dungan v. Donahue*, 12-CV-5139 (ILG) (RLM), 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014)). Accordingly, the Court considers only the third and fourth factors in the analysis below.

A. Defendants Have Already Suffered Prejudice

Plaintiff's failure to follow this Court's Orders and to follow the rules has already caused prejudice to the Defendants. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" *Id.* (quoting *Lyell*, 682 F.2d at 43). Such actual prejudice "beyond the delay itself" may be shown, for example, by "indications that the delay increased the litigation costs the defendants had to bear or reduced (perhaps by decaying evidence) their likelihood of success on the merits." *Lewis v. Frayne*, 595 F. App'x 35, 38 (2d Cir. 2014); *see also Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal, in part because "the defendants were prejudiced by having to expend unnecessary time and resources in attempting to secure responses to their discovery requests, some of which they never received"); *Watkins v. Matarazzo*, No. 13 Civ. 2477 (LGS) (SN), 2015 WL 13745762, at *5 (S.D.N.Y. Sept. 22, 2015) (finding that "[t]he City of New York has . . . been prejudiced by having to send lawyers, and hire and send a court reporter . . . for both of [plaintiff's] failed depositions"), *adopted by*, 2016 WL 3351079 (June 14, 2016).

The City Defendants have made a sufficient showing of prejudice here. Although they concede that Plaintiff's failure to comply with the Section 160.50 Order in particular caused them to suffer only "minor prejudices" (Def's Second Mot. for Sanctions at 2),  his repeated refusal to comply with the Court's discovery orders, "persistent denial of receiving documents, failing to raise conflicts with the limited discovery schedule set by the Court, and . . . overall pattern of playing games with discovery" (Def's Third Mot. for Sanctions at 2) has caused considerable delay in

19

resolving this case and a significant waste of public resources. Indeed, the City Defendants'

litigation costs have increased with each motion to compel in response to his non-compliance and

with each motion for sanctions in response to his uncooperative conduct. Further, Plaintiff has

wasted time and resources at taxpayer expense with each denial of receipt of the City Defendant's

discovery requests and with each evasive answer at his deposition.

Accordingly, this factor weighs in favor of dismissal.

B. Balancing the Interests of the Court and the Plaintiff

"The fourth factor calls for the Court to consider 'the balance between district court calendar

congestion and the plaintiff's right to an opportunity to be heard.'" *Galicia v. Tobiko Rest., Inc.*,

No. 16-CV-4074 (ADS) (SIL), 2020 WL 1166451, at *4 (E.D.N.Y. Mar. 11, 2020) (quoting

*Drake*, 375 F.3d at 257). "There must be 'compelling evidence of an extreme effect on court

congestion before a litigant's right to be heard is subrogated to the convenience of the court.'" *Id.*

(quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "[T]he primary rationale underlying

dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently."

*Lyell*, 682 F.2d at 43; *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)

(enforcing plaintiff's duty of due diligence ensures "fairness to other litigants, whether in the same

case or merely in the same court (as competitors for scarce judicial resources)").

This factor does not weigh heavily in either direction. Although Plaintiff's obstructive conduct

throughout these proceedings has repeatedly required judicial intervention and has wasted judicial

resources, his conduct has not had an "extreme" congestive effect on the Court's calendar.

Nevertheless, "[t]he Court's docket is congested enough without having to continually order

[plaintiff] to take actions necessary to get him closer to the relief that he himself seeks." *Basile*,

2019 WL 4572812, at *6.

***

On balance, the factors under both Rule 37 and Rule 41(b) weigh in favor of dismissing this action for failure to comply with the Court's discovery orders and failure to follow the Federal Rules of Civil Procedure. Accordingly, for the foregoing reasons, I respectfully recommend that the City Defendants' motion for sanctions be granted, and that Plaintiff's action be dismissed with prejudice.

III.    Plaintiff's Motion to Compel and for Sanctions Should Be Denied

Construed liberally, Plaintiff requests that the Court compel the City Defendants to produce body camera footage taken during his fingerprinting (Pl's Resp. to Def's Second Mot at 1) and cross-moves for sanctions against the City Defendants' counsel, arguing that Corporation Counsel improperly allowed Ms. Carballo to examine Plaintiff during his deposition despite her pending bar admission status in order to circumvent a purported requirement that the government attorneys complete a "Public Servant Questionnaire" (Pl's Mot. for Sanctions at 1). Both requests should be denied.

A.    The City Defendants Cannot Be Compelled to Produce Non-Existent Video Footage

Plaintiff argues that the Defendants have "sen[t] only body camera foot[age] on the arrest, but refuse to present [footage] when the officers held Plaintiff down and took finger prints [sic]," and believes that the City Defendants "are refusing to send" such footage "in order to protect the identity of the Police Doe 1." (Pl's Resp. to Def's Second Mot. at 1). However, the City Defendants have indicated that they "are not in, nor have ever been in, possession of such footage," note "upon information and belief" that "no such footage ever existed," and argue that "plaintiff has put forth no reason for his belief that it does." (Def's Reply at 2).

"[T]his Court could not compel production of video footage that the [City] has certified does not exist, and would not do so based on Plaintiff's bare speculation and conjecture that such footage must exist." *Pierre v. Cnty. of Nassau*, No. 17-CV-6629 (LDH) (RER), 2022 WL 2872651, at *10 (E.D.N.Y. July 21, 2022) (collecting cases); *see also Norton v. Town of Islip*, No. 04-CV-3079 (PKC) (SIL), 2019 WL 4194271, at *5 (E.D.N.Y. Sept. 4, 2019) ("[T]he Court concludes that it is inappropriate to compel Plaintiff to produce documents that his counsel certifies do not exist."); *Carling v. Peters*, No. 10 Civ. 4573 (VM) (HBP), 2011 WL 3678839, at *4 (S.D.N.Y. Aug. 19, 2011) ("Other than speculation . . . [the defendant] offers no evidence that [the plaintiff] possesses [the requested] documents"). Because Plaintiff offers bare speculation as to the existence of video footage of his fingerprinting, because the City Defendants have indicated that no such footage exists, and because this Court cannot compel production of non-existent footage, Plaintiff's request for the footage should be denied.

B. <u>Plaintiff's Motion for Sanctions is Meritless</u>

Plaintiff's objection to opposing counsel's status as an unadmitted lawyer is meritless.

As previously noted, Corporation Counsel fully disclosed Ms. Carballo's admission status and advised the Court that she would be handling the case under supervision. (*See, e.g.*, Def's Third Mot. to Compel at 1 n.1 ("This case has been assigned to Assistant Corporation Counsel Victoria Carballo, who is presently awaiting admission to the Bar and is handling this matter under supervision."); Def's Second Mot. for Sanctions at 1 n.1 (same); Def's Opp. to Pl's Mot. at 1 n.1 (same); *see also* Minute Order dated 05/25/2022 (noting Ms. Carballo's appearance and authorizing her practice under supervision while awaiting admission)). "Having fully divulged her status, she was authorized . . . to assume responsibility for this case conditionally while awaiting

admission." *Herrera v. Scully*, No. 88 Civ. 6616 (RWS), 1990 WL 144852, at *2 (S.D.N.Y. Sept. 21, 1990).

Further, the Court does not understand Ms. Carballo's examination of Plaintiff to constitute an attempt to circumvent Plaintiff's fictitious requirement that the government's attorneys' complete his "Public Servant Questionnaire." Indeed, as the Court never ordered the government to complete the questionnaire, their failure to do so is not sanctionable. *See United States v. Scott*, 191 F.3d 457 (7th Cir. 1999) ("Because the court never required the government's attorneys or [defendant IRS agent] to complete the irrelevant and invasive 'Public Servant Questionnaire,' their refusal to do so does not constitute contempt."); *Matarazzo*, 2015 WL 13745762, at *5 (dismissing *pro se* action where plaintiff "made repeated, unreasonable demands of a threats to the Court" and "argued . . . that the defense attorneys were required to fill out a [public servant] questionnaire before speaking with him.").

Accordingly, I respectfully recommend that Your Honor deny Plaintiff's cross-motion for sanctions.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Your Honor grant the City Defendants' motion for sanctions under Rule 37 and Rule 41(b), and dismiss this action with prejudice. I further recommend that Your Honor deny Plaintiff's request to compel the production of additional video footage and deny Plaintiff's cross-motion for sanctions.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).


RESPECTFULLY RECOMMENDED.


    /s/ Ramon E. Reyes, Jr.

    RAMON E. REYES, JR.
    United States Magistrate Judge

    Dated: September 9, 2022
    Brooklyn, NY